PHYLLIS TANT BRAY AND HUSBAND, WILBUR GLOVER BRAY v. NORTH
CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY

No. 401PA94

(Filed 6 October 1995)

**Insurance § 515 (NCI4th)— business auto policy—family member/household-owned vehicle exclusion—public policy—UM coverage for owner's wife**

An injured driver who was the wife of the individual insured by a business auto policy and who lived in the same household as the insured was a "person insured" of the first class under the UM provisions of N.C.G.S. § 20-279.21(b)(3) (Supp. 1988) without regard to whether she was an occupant of any vehicle; therefore, a family member/household-owned vehicle exclusion for UM coverage in the business auto policy was against the public policy of the Motor Vehicle Safety and Responsibility Act and was ineffective to deny insured's wife UM coverage because she was driving an auto owned by the insured but not covered by the business auto policy. Where there was no written rejection of UM coverage by the insured, the policy is deemed pursuant to N.C.G.S. § 20-279.21(b)(3) to provide UM coverage equal to the policy's general liability coverage of $300,000, such coverage is mandatory, the coverage above the statutory minimum of $25,000 is not voluntary under N.C.G.S. § 20-279.21(g), and the family member/household-owned vehicle exclusion is not valid as to coverage above the statutory minimum but is unenforceable as to the total $300,000 UM coverage in the policy.

**Am Jur 2d, Automobile Insurance §§ 294, 311, 312.**

**Validity, under insurance statutes, of coverage exclusion for injury to or death of insured's family or household members. 52 ALR4th 18.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 115 N.C. App. 438, 445 S.E.2d 79 (1994), modifying and affirming an order granting plaintiffs' motion for partial summary judgment entered 26 March 1993 by Strickland, J., in Superior Court, Beaufort County. Heard in the Supreme Court 13 April 1995.

*Law Offices of G. Henry Temple, Jr., by G. Henry Temple, Jr., Kimberly W. Rabren, and Laura C. Brennan, for plaintiff-appellees and -appellants.*

*Poyner & Spruill, L.L.P., by George L. Simpson, III, and Randall R. Adams, for defendant-appellee and -appellant.*

FRYE, Justice.

Plaintiff Wilbur Glover Bray purchased a personal automobile policy for his 1985 Nissan automobile from Allstate Insurance Company (Allstate), which provided uninsured motorist (UM) coverage in the amount of $25,000 per person/$50,000 per accident and medical payments coverage of $500. Mr. Bray also purchased two business insurance policies—an automobile policy and a garage policy—from defendant North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) for his automobile repair business. The two policies each provided liability coverage up to $300,000 per person/per accident.

On 10 July 1990, an automobile driven by Stacy Katherine Gold struck the Nissan automobile owned by plaintiff Wilbur Bray and driven by his wife, plaintiff Phyllis Tant Bray. Mrs. Bray was injured in the accident. It is undisputed that Ms. Gold's negligence was the sole proximate cause of the accident and that Ms. Gold was an uninsured motorist.

Plaintiffs brought an action against Ms. Gold seeking to recover damages for Mrs. Bray's personal injuries and Mr. Bray's loss of consortium. Plaintiffs served Allstate and Farm Bureau as their UM carriers pursuant to N.C.G.S. § 20-279.21(b)(3)(a), and both insurance companies filed answers in Ms. Gold's name. Allstate subsequently paid Mrs. Bray its $25,000 UM policy limit and its $500 medical payments limit, and Mrs. Bray signed a release in favor of Allstate which preserved her right to seek further recovery against Ms. Gold and Farm Bureau. At trial, Farm Bureau stipulated Ms. Gold's liability and defended solely on the issue of damages. The jury returned a verdict against Ms. Gold awarding $285,000 to Mrs. Bray and $15,000 to Mr. Bray. The trial court entered judgment on the verdict and assessed costs against Farm Bureau.

Plaintiffs then brought this action against Farm Bureau seeking to enforce the judgment under the UM provisions in Mr. Bray's two business insurance policies. Plaintiffs also alleged in their complaint that

Farm Bureau had committed unfair trade practices and asked for punitive damages. Plaintiffs moved for partial summary judgment, alleging that they were entitled to $274,500 plus costs and interest under the UM provisions of Mr. Bray's two business insurance policies after crediting their $300,000 judgment with the $25,500 paid to plaintiffs by Allstate. The trial court granted plaintiffs' motion and ruled under N.C.G.S. § 1A-1, Rule 54(b) that this order was a final judgment as to that claim. From this order, Farm Bureau appealed to the Court of Appeals.

The Court of Appeals held that Mrs. Bray was entitled to $25,000 UM coverage under Mr. Bray's garage policy pursuant to an endorsement to the policy. As to this issue, we granted Farm Bureau's petition for discretionary review. Farm Bureau contended that neither the policy nor the endorsement provided any UM coverage. In plaintiffs' response to Farm Bureau's petition, plaintiffs contended that the garage policy provided $300,000 UM coverage by virtue of N.C.G.S. § 20-279.21(b)(3). We conclude that discretionary review was improvidently allowed with respect to this issue. Our discussion of the remaining two issues in this case will therefore be limited to the business automobile policy and does not relate to the garage policy.

The Court of Appeals also held that the "family member/household-owned vehicle" exclusion for UM coverage in Mr. Bray's business automobile policy was repugnant to the purpose of UM and underinsured motorist (UIM) coverage and was therefore invalid. We agree and affirm the Court of Appeals as to this issue.

The Court of Appeals further held that Mr. Bray's business automobile policy provided only $25,000 UM coverage to Mrs. Bray since such coverage was limited to the statutory minimum of $25,000 per person/$50,000 per accident on the grounds that coverage beyond the statutory minimum was "voluntary" and governed by the terms of the policy, which included the "family-owned vehicle" exclusion. We reverse the Court of Appeals on this issue and hold that Mrs. Bray is entitled to $300,000 UM coverage under the business automobile policy.

Defendant contends that the Court of Appeals erred in holding that the "family member/household-owned vehicle" exclusion for UM coverage in the business automobile insurance policy issued to plaintiff husband is repugnant to the purpose of UM and UIM coverage and is therefore invalid.

**BRAY v. N.C. FARM BUREAU MUT. INS. CO.**

[341 N.C. 678 (1995)]

"When examining cases to determine whether insurance coverage is provided by a particular automobile liability insurance policy, careful attention must be given to the type of coverage, the relevant statutory provisions, and the terms of the policy." *Smith v. Nationwide Mut. Ins. Co.*, 328 N.C. 139, 142, 400 S.E.2d 44, 47, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991). In the present case, the type of coverage at issue is UM coverage. The business automobile policy in question, which was issued by Farm Bureau to Mr. Bray, included UM coverage. The relevant statute at the time of the automobile accident is N.C.G.S. § 20-279.21(b)(3) (Supp. 1988), supplemented by other provisions of § 20-279.21.

The UM section of the business automobile policy issued by Farm Bureau to Mr. Bray contains the following provisions:

A.  COVERAGE

    1.  We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of:

        a. an "uninsured motor vehicle" because of "bodily injury" sustained by the "insured" and caused by an "accident" . . . .

B.  WHO IS AN INSURED

    1.  You.

    2.  If you are an individual, any "family member."

    . . . .

C.  EXCLUSIONS

This coverage does not apply to:

. . . .

    4.  "Bodily injury" sustained by you or any "family member" while "occupying" or struck by any vehicle owned by you or any "family member" that is not a covered "auto."

. . . .

F.  ADDITIONAL DEFINITIONS

The following are added to the DEFINITIONS Section:

    1.  "Family member" means a person related to you by blood, marriage, or adoption who is a resident of your household, including a ward or foster child.

The coverage section of the policy extends coverage to family members of individual insureds, while the exclusions section purports to take coverage away from a "family member" who sustains bodily injury while "occupying" or when struck by any vehicle that is not a covered "auto" and is owned by the individual insured or any "family member" of the insured. Thus, under the express terms of the business automobile policy, Mrs. Bray, as the wife of the individual insured, would be excluded from coverage under the circumstances of this case since she was occupying an automobile owned by Mr. Bray, the individual insured, and that automobile was not a covered "auto" under the policy.

However, when a statute is applicable to the terms of an insurance policy, the provisions of the statute become a part of the policy as if written into it. If the terms of the statute and the policy conflict, the statute prevails. *Sutton v. Aetna Cas. & Sur. Co.*, 325 N.C. 259, 382 S.E.2d 759, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989); *Nationwide Mut. Ins. Co. v. Chantos*, 293 N.C. 431, 238 S.E.2d 597 (1977). At the time of the accident, N.C.G.S. § 20-279.21(b)(3) provided in relevant part:

> For purposes of this section "persons insured" means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, express or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above or any other person or persons in lawful possession of such motor vehicle.

N.C.G.S. § 20-279.21(b)(3) (Supp. 1988).

> Under this statute there are two classes of "persons insured":

> (1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either and (2) any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle.

*Smith*, 328 N.C. at 143, 400 S.E.2d at 47. Members of the first class are "persons insured" for the purposes of UM coverage regardless of whether the insured vehicle is involved in the insured's injuries. *Id.*

Members of the second class are "persons insured" only when the insured vehicle is involved in their injuries. *Id.*

Turning to the present case, the question becomes whether Mrs. Bray was a "person insured" of the first class under the UM provisions of N.C.G.S. § 20-279.21(b)(3). It is undisputed that Mr. Bray is the named insured under the Farm Bureau business automobile policy. It is also undisputed that Mrs. Bray is the spouse of Mr. Bray and that they reside in the same household. Therefore, Mrs. Bray was a "person insured" of the first class under the UM statute.

As a person insured of the first class, Mrs. Bray was entitled to UM benefits under Mr. Bray's business automobile policy whether she was struck by an uninsured motor vehicle while riding in an insured vehicle, or on a motorcycle, or just walking down the street. *Bass v. N.C. Farm Bureau Mut. Ins. Co.*, 332 N.C. 109, 418 S.E.2d 221 (1992). Thus, under subsection (b)(3) of N.C.G.S. § 20-279.21, Mrs. Bray is a person insured of the first class without regard to whether she was an occupant of any vehicle.

The family member/household-owned vehicle exclusion attempts to limit Mrs. Bray's coverage to situations where she is not in an automobile owned by a member of the same household except when she is in a "covered auto." This exclusion is vehicle-oriented and stands in sharp contrast to the essentially person-oriented statutory scheme for UM/UIM coverage. *See Smith*, 328 N.C. 139, 400 S.E.2d 44; *see also Bass*, 332 N.C. 109, 418 S.E.2d 221. We therefore hold that this vehicle-oriented exclusion is repugnant to the statute and is ineffective to limit the UM coverage in this case.

In *Smith*, this Court addressed the question of whether a family member/household-owned vehicle exclusion in a policy's liability section was effective to limit UIM coverage. 328 N.C. at 149, 400 S.E.2d at 51. The Court, after noting the difference between liability insurance and UM/UIM insurance, concluded that the family member/household-owned vehicle exclusion in the liability coverage section is not effective to deny UIM coverage to a family member injured while a passenger in a family-owned vehicle not listed in the policy. *Id.* The Court in *Smith* declined to decide whether a family member/household-owned vehicle exclusion clearly stated in the UM/UIM section of a policy is contrary to the statute since there was no such exclusion in the UM/UIM section in that case. *Id.* at 150, 400 S.E.2d at 51.

In the present case, the family member/household-owned vehicle exclusion is clearly stated in the policy's UM endorsement, so the question is whether this exclusion is effective to deny UM coverage for injuries sustained by an innocent victim of an accident with an uninsured tort-feasor. The Motor Vehicle Safety and Financial Responsibility Act is a remedial statute to be liberally construed in order that the beneficial purpose intended by its enactment may be accomplished. *Sutton*, 325 N.C. at 265, 382 S.E.2d at 763; *Moore v. Hartford Fire Ins. Co.*, 270 N.C. 532, 535, 155 S.E.2d 128, 130-31 (1967). Since the primary purpose of the act is to compensate innocent victims of financially irresponsible motorists, allowing the family member/household-owned vehicle exclusion to deny UM coverage would contravene the purpose of the act. We therefore agree with the Court of Appeals that the policy's family member/household-owned vehicle exclusion for UM coverage is repugnant to the purpose of UM and UIM coverage and is therefore invalid. We hold that the family member/household-owned vehicle exclusion for UM coverage is against the public policy of the Motor Vehicle Safety and Financial Responsibility Act.

We note that our decision is in accord with the position taken by many other jurisdictions. The highest courts of several states have held the family member/household-owned vehicle exclusion invalid as contrary to the public policy of similar UM statutory schemes. *See, e.g., State Farm Auto. Ins. Co. v. Reaves*, 292 Ala. 218, 292 So. 2d 95 (1974); *Harvey v. Travelers Indem. Co.*, 188 Conn. 245, 449 A.2d 157 (1982); *Mullis v. State Farm Mut. Auto. Ins. Co.*, 252 So. 2d 229 (Fla. 1971); *Lindahl v. Howe*, 345 N.W.2d 548 (Iowa 1984); *Bishop v. Allstate Ins. Co.*, 623 S.W.2d 865 (Ky. 1981); *Bradley v. Mid-Century Ins. Co.*, 409 Mich. 1, 294 N.W.2d 141 (1980); *Lowery v. State Farm Mut. Auto. Ins. Co.*, 285 So. 2d 767 (Miss. 1973); *Jacobson v. Implement Dealer Mut. Ins. Co.*, 196 Mont. 542, 640 P.2d 908 (1982); *State Farm Mut. Auto. Ins. Co. v. Hinkel*, 87 Nev. 478, 488 P.2d 1151 (1971); *Beek v. Ohio Cas. Ins. Co.*, 73 N.J. 185, 373 A.2d 654 (1977); *Chavez v. State Farm Mut. Auto. Ins. Co.*, 87 N.M. 327, 533 P.2d 100 (1975); *Hughes v. State Farm Mut. Auto. Ins. Co.*, 236 N.W.2d 870 (N.D. 1975); *Cothren v. Emcasco Ins. Co.*, 555 P.2d 1037 (Okla. 1976); *State Farm Mut. Auto. Ins. Co. v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978); *Hogan v. Home Ins. Co.*, 260 S.C. 157, 194 S.E.2d 890 (1973); *Allstate Ins. Co. v. Meeks*, 207 Va. 897, 153 S.E.2d 222 (1967); *Touchette v. Northwestern Mut. Ins. Co.*, 80 Wash. 2d 327, 494 P.2d 479 (1972); *Welch v. State Farm Mut. Auto. Ins. Co.*, 122 Wis. 2d 172,

361 N.W.2d 680 (1985). A few courts, interpreting statutes different from those in North Carolina, have reached an opposite conclusion. *See, e.g., Holcomb v. Farmers Ins. Exchange,* 254 Ark. 514, 495 S.W.2d 155 (1973); *Shipley v. American Standard Ins. Co. of Wis.,* 183 Neb. 109, 158 N.W.2d 238 (1968); *Hill v. Nationwide Mut. Ins. Co.,* 535 S.W.2d 327 (Tenn. 1976).

Notwithstanding our conclusion that the family member/household-owned vehicle exclusion is against the public policy of the Motor Vehicle Safety and Financial Responsibility Act, defendant contends that the Court of Appeals correctly held that the exclusion may nevertheless be applied to the UM coverage above the statutory minimum liability limits. Plaintiffs contend that the Court of Appeals erred in reversing the trial court's finding that they were entitled to $300,000 in UM coverage. The Court of Appeals held that Mrs. Bray's coverage under the business automobile insurance policy is limited to $25,000, since "the 'family member' exclusion is valid as to the coverage beyond the statutory minimum of $25,000." *Bray v. N.C. Farm Bureau Mut. Ins. Co.,* 115 N.C. App. 438, 445, 445 S.E.2d 79, 83 (1994). We reverse the Court of Appeals on this issue and hold that the family member/household-owned vehicle exclusion for UM coverage, being against the public policy of the Motor Vehicle Safety and Financial Responsibility Act, is unenforceable as to the $300,000 UM coverage in the policy.

In the present case, the liability limits of the business automobile policy were $300,000, and the parties have stipulated that there was no written rejection of UM coverage by the Brays. Under N.C.G.S. § 20-279.21(b)(3), the insured is entitled to purchase UM coverage in an amount equal to general liability coverage. Unless the insured rejects in writing UM coverage, the policy is deemed to provide UM coverage equal to the general liability coverage. N.C.G.S. § 20-279.21(b)(3). To the extent that UM coverage is offered in this case, it is offered pursuant to the requirements of N.C.G.S. § 20-279.21(b)(3), and in that sense, it is mandatory, not voluntary, coverage. Accordingly, N.C.G.S. § 20-279.21(g),[1] which relates to vol-

---

1. N.C.G.S. § 20-279.21(g) provides:

   Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this Article. With respect to a policy which grants such excess or additional coverage the term "motor vehicle liability policy" shall apply only to that part of the coverage which is required by this section.

untary coverage, does not apply. Thus, Mrs. Bray was entitled to $300,000 of UM coverage, an amount equal to the liability limits of the policy.

For the foregoing reasons, the decision of the Court of Appeals is affirmed with respect to the family member/household-owned vehicle exclusion and reversed with respect to the amount of coverage under the business automobile policy, and the case is remanded to that court for further remand to the Superior Court, Beaufort County, for modification of the order of the Superior Court in accordance with the Court of Appeals' decision with respect to the garage policy (BAP 2803436) and reinstatement of the order of the Superior Court with respect to the business automobile policy (BAP 2053683).

DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.