N.C. FARM BUREAU MUT. INS. CO. v. PERKINSON

[140 N.C. App. 140 (2000)]

NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, PLAINTIFF V. CARL R. PERKINSON, EXECUTOR OF THE ESTATE OF MILTON PERKINSON, CARL R. PERKINSON, EXECUTOR OF THE ESTATE OF MARY PERKINSON, LEON PERKINSON, BESS PERKINSON, LINDA ROBERTS, ADMINISTRATRIX OF THE ESTATE OF TOMMY ROBERTS, AUTO OWNERS MUTUAL INSURANCE COMPANY, KEMPER INSURANCE COMPANY, AKA LUMBERMEN'S MUTUAL CASUALTY COMPANY, STATE CAPITAL INSURANCE COMPANY, MARY BREEDEN AND BILLY BREEDEN, DEFENDANTS

No. COA99-1097

(Filed 19 September 2000)

### Insurance— automobile—UIM coverage—relatives of the named insured—not residents of the same household

The trial court did not err by granting summary judgment in favor of defendant insurance company that issued an automobile liability insurance policy regarding UIM coverage of the estates of two of the named insured's relatives who were passengers in a vehicle driven by the named insured when they were struck by another automobile, because: (1) the relatives were not residents of the household of the insured at the time of the accident, and therefore, the express terms of the pertinent insurance policy reveal that they do not qualify as insureds as a "family member"; (2) the pertinent policy provision allowing UIM coverage to persons occupying the covered automobile is not applicable since the vehicle insured under the policy was not involved in the accident; (3) N.C.G.S. § 20-279.21(b)(3) provides that the relative of the named insured must reside in the same household in order to be entitled to first class UIM coverage; (4) it would be erroneous to resort to the Motor Vehicle Safety Responsibility Act's purpose to determine UIM coverage when the language employed in the statute is unambiguous; and (5) this case is not similar to prior cases where the Court of Appeals invalidated exclusions in the insurance policies which precluded coverage by persons qualifying as first class insured persons under N.C.G.S. § 20-279.21(b)(3) and that provided less coverage than is required under the statute.

Appeal by plaintiff from order entered 6 July 1999 by Judge Carl L. Tilghman in Durham County Superior Court. Heard in the Court of Appeals 16 August 2000.

*Haywood, Denny & Miller, L.L.P., by Robert E. Levin, for plaintiff-appellant.*

*Yates, McLamb & Weyher, L.L.P., by R. Scott Brown and Michael J. Byrne, for defendant-appellee Kemper Insurance Company, aka Lumbermen's Mutual Casualty Company.*

LEWIS, Judge.

On 20 July 1997, an automobile driven by defendant Billy Breeden struck an automobile owned by defendant Bess Perkinson and being driven by her husband, defendant Leon Perkinson. At the time of the accident there were three other passengers in the automobile driven by defendant Leon Perkinson: (1) Bess Perkinson, (2) Milton Perkinson and his wife, (3) Mary. Milton and Mary Perkinson died in the accident; their respective estates are named as defendants in this action. For the purpose of summary judgment, the parties stipulated that defendant Billy Breeden's negligence was the sole proximate cause of the accident.

Defendant Billy Breeden was insured by plaintiff North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau"). The policy relevant to this appeal, however, is an automobile liability insurance policy issued by defendant Kemper Insurance Company aka Lumbermen's Mutual Casualty Company ("Kemper") to defendant Leon Perkinson ("Kemper policy"). The vehicle insured under this policy was not involved in the accident. On 2 July 1998, Farm Bureau filed an action alleging, among other things, that UIM coverage under the Kemper policy extended to Leon and Bess Perkinson as well as Milton and Mary Perkinson. Kemper answered, denying that the Kemper policy provided UIM coverage in favor of the estates of Milton and Mary Perkinson and counterclaimed seeking a declaratory judgment concerning UIM coverage of their estates. On 15 June 1999, Kemper moved for summary judgment on all issues regarding UIM coverage of the estates of Milton and Mary Perkinson. The parties stipulated to all relevant facts, leaving only the legal question of UIM coverage under the Kemper policy. On 6 July 1999, the trial court granted summary judgment in favor of Kemper. Farm Bureau appeals.

In determining whether the trial court properly concluded UIM coverage under the Kemper policy did not extend to the estates of Milton and Mary Perkinson, we examine first the relevant language of the Kemper policy. The UIM section of that policy allows an "insured" to recover for personal injuries, defining "insured" as:

"1. You or any 'family member.'

2. Any other person 'occupying':

    a.' Your covered auto'; or

    b. Any other auto operated by you.

3. Any person for damages that person is entitled to recover because of 'bodily injury' to which this coverage applies sustained by a person listed in 1. or 2. above."

Under the "Definitions" section, the terms "you" and "your" are defined as "[t]he 'named insured' shown in the Declarations" and "[t]he spouse if a resident of the same household." "Family member" means "a person related to you by blood, marriage or adoption *who is a resident of your household.*" (Emphasis added).

Under the "Exclusions" in the UIM coverage section, the Kemper policy provides:

    A. We do not provide coverage for "property damage" or "bodily injury" caused by an "uninsured motor vehicle" and sustained by any "insured":

        7. While "occupying" or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

        However, this exclusion does not apply to you or any "family member."

The parties here stipulated for purposes of summary judgment that Milton and Mary Perkinson were not residents of the household of Leon and Bess Perkinson at the time of the accident. Under the express terms of the Kemper policy, they do not qualify as "insureds" via the definition of a "family member," who must be a resident of the household of the named insured. We emphasize the Kemper policy provision allowing UIM coverage to persons occupying "your covered auto" is not applicable, as the vehicle insured under the Kemper policy was not involved in the accident. Accordingly, the Kemper policy does not entitle either Milton or Mary Perkinson to UIM coverage.

Farm Bureau contends, however, the Kemper policy provisions denying Milton and Mary Perkinson UIM coverage are void as incon-

N.C. FARM BUREAU MUT. INS. CO. v. PERKINSON

[140 N.C. App. 140 (2000)]

sistent with provisions of the Motor Vehicle Safety-Responsibility Act of 1953, N.C. Gen. Stat. §§ 20-279.1 to -279.39 ("the Act") setting forth the minimum requirements for automobile liability coverage as a matter of law. *Wilmoth v. State Farm Mut. Auto Ins. Co.*, 127 N.C. App. 260, 262, 488 S.E.2d 628, 630, *disc. review denied*, 347 N.C. 410, 494 S.E.2d 601 (1997); *see also Insurance Co. v. Chantos*, 293 N.C. 431, 441, 238 S.E.2d 597, 604 (1977) (stating when the terms of the statute and the policy conflict, the statute prevails). Specifically, Farm Bureau asserts our courts have never decided whether an insurer can validly exclude UIM coverage from "relatives" of the named insured who are not members of the same household of the named insured. The specific provision relevant to UIM coverage under the Act is N.C. Gen. Stat. § 20-279.21(b)(4), which requires UIM coverage in accordance with the provisions of G.S. 20-279.21(b)(3).

At the time of the accident, N.C. Gen. Stat. § 20-279.21(b)(3) provided in relevant part:

> For purposes of this section "persons insured" means the named insured and, *while resident of the same household,* the spouse of any named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, express or implied, of the named insured, the motor vehicle to which the policy applies and a guest in the motor vehicles to which the policy applies or the personal representative of any of the above or any other person or persons in lawful possession of the motor vehicle.

(Emphasis added.) Under this statute there are two classes of "persons insured":

> (1) the named insured and, *while resident of the same household,* the spouse of the named insured and relatives of either and (2) any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle.

(Emphasis added). *Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. 139, 143, 400 S.E.2d 44, 47, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991). Members of the first class are "persons insured" for the purposes of UIM coverage regardless of whether the insured vehicle is involved in the insured's injuries. *Id.* Members of the second class are "persons insured" only when the insured vehicle is involved in their injuries. *Id.* The parties here concede that because the vehicle

insured under the Kemper policy was not the vehicle involved in the collision, only the first class of "persons insured" is relevant to this appeal. As to the required first class of insureds, the UIM provisions under the Kemper policy provide identical coverage as mandated by G.S. 20-279.21(b)(3). In both, one must be a "relative" of the named insured *residing in the same household* in order to be entitled to first class UIM coverage. Pursuant to the parties' stipulations in this case, neither Milton nor Mary Perkinson resided in the household of Leon Perkinson at the time of the accident and accordingly, are not entitled to UIM coverage.

Despite the unambiguous language in the Act, Farm Bureau asserts the trial court's refusal to extend UIM coverage to Milton and Mary Perkinson violates the Act's purpose, which is to compensate innocent victims of financially irresponsible drivers, citing *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 265, 382 S.E.2d 759, 763 (1989). To the contrary, defendant Kemper argues that because the language employed in the statute is unambiguous, it would be erroneous for the court to resort to the Act's purpose to determine UIM coverage. We agree. Where "[t]he meaning of the statute is clear, and where there is no ambiguity, there is no room for construction, and the intention must be gathered from the words employed." *Battle v. Rocky Mount*, 156 N.C. 330, 333-34, 72 S.E. 354, 355 (1911); *see also Mazda Motors v. Southwestern Motors*, 296 N.C. 357, 361, 250 S.E.2d 250, 253 (1979) ("If the language of a statute is free from ambiguity and expresses a single, definite, and sensible meaning, judicial interpretation is unnecessary and the plain meaning of the statute controls.")

Farm Bureau also asserts the court's refusal to extend UIM coverage to Milton and Mary is contrary to our Supreme Court's decisions in *Nationwide Mutual Ins. Co. v. Mabe*, 342 N.C. 482, 467 S.E.2d 34 (1996), and *Bray v. N.C. Farm Bureau Mut. Ins. Co.*, 341 N.C. 678, 462 S.E.2d 650 (1995). In these cases, however, the court invalidated exclusions in the insurance policies which precluded coverage by persons qualifying as first class "insured persons" under G.S. 20-279.21(b)(3). *Mabe*, 342 N.C. at 496, 467 S.E.2d at 43 (policy exclusion prevented wife and daughter of named insured from UIM coverage where insured vehicle was not involved in accident); *Bray*, 341 N.C. at 682-83, 462 S.E.2d at 654 (policy exclusion prevented wife of named insured from UM coverage where insured vehicle was not involved in accident). Unlike the Kemper policy here, the applicable insurance policies in *Mabe* and *Bray* provided *less* coverage than is

required under G.S. 20-279.21(b)(3). *Id.* Further, the court in both cases reinforced that a "family member" under the Act must reside in the same household as the named insured. *Mabe*, 342 N.C. at 497, 467 S.E.2d at 42; *Bray*, 341 N.C. at 683, 462 S.E.2d at 652.

Accordingly, the trial court properly granted defendant Kemper's motion for summary judgment.

Affirmed.

Judges WALKER and HUNTER concur.