DELLA D. BAXLEY, PLAINTIFF v. NATIONWIDE MUTUAL INSURANCE CO., DEFENDANT

No. 9016SC885

(Filed 5 November 1991)

1. **Trial § 6.1 (NCI3d)— stipulation—medical expenses included in verdict—binding effect**

    The parties·could properly stipulate that the jury included $10,000 of plaintiff's medical expenses in its verdict for $100,000, and plaintiff is bound by that stipulation.

    **Am Jur 2d, Stipulations § 8.**

2. **Insurance § 110.1 (NCI3d)— judgment against underinsured motorist—prejudgment interest—liability of underinsured motorist insurer**

    Where plaintiff was awarded prejudgment interest in an action against an underinsured motorist, plaintiff's underinsured motorist insurer was liable for the prejudgment interest, up to its policy limits, on the amount of underinsured motorist coverage it paid to plaintiff pursuant to the judgment, since plaintiff's claim was grounded in tort rather than contract and constituted an."other action" within the meaning of N.C.G.S. § 24-5 (1985), and coverage was provided for damages which plaintiff is legally entitled to recover from the underinsured motorist.

    **Am Jur 2d, Automobile Insurance § 428.**

APPEAL by plaintiff and defendant from a judgment entered 8 June 1990 by *Judge Coy F. Brewer* in ROBESON County Superior Court. Heard in the Court of Appeals 20 February 1991.

*H. Mitchell Baker, III and Brent D. Kiziah for plaintiff-appellee.*

*LeBoeuf, Lamb, Leiby & MacRae, by Peter M. Foley, Sherry C. McConnell and Peter A. Kolbe, for defendant-appellant.*

BAXLEY v. NATIONWIDE MUTUAL INS. CO.

[104 N.C. App. 419 (1991)]

LEWIS, Judge.

There are two primary questions presented to this Court on appeal in this declaratory judgment action: 1) was the defendant insurance company entitled to a credit for medical payments of $10,000.00 made to the plaintiff against the final jury verdict of $100,000.00, and 2) was the defendant obligated to pay any portion of the interest awarded to the plaintiff because the obligation falls on the primary carrier?

On 17 January 1987, Anita Brown, who was driving her car, hit a car in which the plaintiff, Della Baxley, was a passenger. Plaintiff Baxley suffered bodily injuries and incurred medical bills which have been stipulated to be in excess of $10,000.00. Allstate Insurance Company [Allstate] provided liability coverage for Brown in the amount of $25,000.00 per single person injury. Plaintiff Baxley had an insurance policy with the defendant Nationwide Mutual Insurance Company [Nationwide], providing limits of medical payment coverage of $10,000.00 and underinsured motorist coverage of up to $100,000.00.

On 22 August 1987, plaintiff Baxley filed a tort action against Brown for the personal injuries she suffered in the automobile accident. On 11 September 1987, the plaintiff received the maximum medical payment of $10,000.00 from defendant Nationwide. Allstate paid the plaintiff $25,000.00, the policy limit under Brown's policy. The defendant Nationwide also paid the plaintiff $25,000.00 which was deposited on 12 February 1988.

On 15 August 1988, an order was entered by a trial judge whereby Allstate and its attorney were released from any further obligation to Brown or to participate in the lawsuit between plaintiff Baxley and Brown.

The defendant Nationwide retained counsel for Brown and assumed primary responsibility for her defense. At the jury trial between Baxley and Brown, the plaintiff Baxley put on evidence that she had incurred at least $10,000.00 in medical expenses. In the jury instructions of that trial, the court asked the jury to consider compensatory damages, including medical expenses, when deciding the verdict. The jury rendered the following verdict which was reflected in the judgment filed 14 September 1988:

What amount is the plaintiff, Della D. Baxley, entitled to recover of the defendant, [Brown]?

Answer: $100,000.00

BASED UPON THE FINDING OF FACT MADE BY THE JURY, IT IS THEREFORE ORDERED ADJUDGED AND DECREED that judgment be and is hereby entered against the defendant [Brown] in the amount of $100,000. Defendant [Brown] is further taxed with the costs of this action to include prejudgment interest from the date of filing on August 20, 1987, until paid. Defendant [Brown] is not required to pay interest on $25,000 which was delivered to plaintiff and endorsed on February 12, 1988.

On 13 December 1988, pursuant to this judgment, Nationwide paid the plaintiff an additional $65,000.00. Following the trial, the $25,000.00 that was paid by Allstate to the Clerk of Court was paid to the defendant in this case, Nationwide. The plaintiff filed this declaratory judgment action against the defendant Nationwide seeking a determination as to whether the defendant was entitled to a credit of $10,000.00 paid under its medical payments coverage against the final verdict of $100,000.00. The plaintiff also asked the court to determine whether the defendant Nationwide or the primary carrier, Allstate, was liable to the plaintiff for the court costs including prejudgment interest in the original action.

On 8 June 1990, the trial judge entered the following order:

1. That there was a contract obligation between Plaintiff and Defendant Nationwide Mutual Insurance Company regarding medical payment coverage and that, since there was not [sic] special jury verdict at the trial level regarding compensation for medical expenses incurred by the Plaintiff,.Defendant Nationwide Mutual Insurance Company is not entitled to a credit for the medical payment made to Plaintiff under its underinsured motorist coverage. Therefore, Defendant Nationwide Mutual Insurance Company is obligated to pay an additional $10,000 to Plaintiff.

2. Defendant Nationwide Mutual Insurance Company as the underinsured motorist carrier, is not obligated to pay any portion of the interest awarded to Plaintiff Della D. Baxley against Anita Brown . . . because the obligation fails [sic] on the primary carrier, Allstate Insurance Company, and the original defendant, Anita Brown.

The plaintiff and defendant appeal from the order. The defendant appeals the trial court's holding that the defendant Nationwide

is not entitled to a credit for medical payment of $10,000.00 made to the plaintiff against the $100,000.00 verdict. The plaintiff appeals the trial court's finding that the defendant Nationwide is not obligated to pay any portion of the interest awarded to the plaintiff because the obligation falls on the primary carrier, Allstate. In the record on appeal, both parties stipulated:

> For purposes of appeal, the parties enter into the additional stipulation that the jury in the Tort Action found that the *$10,000 medical expenses incurred by Plaintiff Baxley* and paid by Nationwide were reasonable, proximately caused by Anita Brown, and *were specifically included on a dollar for dollar basis in the Judgment of $100,000.00 in the Tort Action.*

(Emphasis added).

## I. Defendant's Appeal

[1] We must initially address the effect of the stipulation on the defendant's appeal. Generally, parties may stipulate as to matters which involve individual rights and obligations of the parties but may not stipulate as to what the law is. 83 C.J.S. *Stipulations* § 10 (1953). When parties stipulate as to a fact at trial and the stipulation is correctly certified, the parties are bound by their stipulation. *Starbuck v. Town of Havelock*, 255 N.C. 198, 199, 120 S.E.2d 440, 442 (1961). "It is binding in every sense, preventing the party who makes it from introducing evidence to dispute it, and relieving the opponent from the necessity of producing evidence to establish the admitted fact." *Moore v. Humphrey*, 247 N.C. 423, 430, 101 S.E.2d 460, 467 (1958) (citation omitted). As such stipulations are binding at the trial level, they are also binding at the appellate level. Here, the parties specifically stipulated that the jury included $10,000.00 of the plaintiff's medical expenses in the jury verdict for $100,000.00. We hold that the parties may stipulate to such a fact and therefore that the plaintiff is bound by that stipulation.

## II. Plaintiff's Appeal

[2] The second question presented to this Court is whether the trial court erred in finding that the defendant Nationwide is not obligated to pay any portion of the interest awarded to the plaintiff because the obligation falls on the primary carrier, Allstate.

In the final judgment in the suit between Baxley and Brown, the trial judge taxed the costs of the action to Brown and specifical-

ly stated that the costs included prejudgment interest from the date of filing, on 20 August 1987, until paid. The judge further stated that Brown was not required to pay interest on the $25,000.00 which was delivered to the plaintiff and endorsed on 12 February 1988. The plaintiff Baxley then brought a declaratory judgment action to have the defendant in this case, Nationwide, pay the interest on the money owed to the plaintiff. The appeal is from that judgment involving plaintiff Baxley and defendant Nationwide. The interest at issue is that on the $65,000.00 already paid to plaintiff Baxley.

In the Nationwide policy, the uninsured motorist coverage (Part D), which includes the underinsurance coverage, states in pertinent part:

We will pay *damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle* because of:

1. Bodily injury sustained by a covered person and caused by an accident; and

2. Property damage caused by an accident.

(Emphasis added). There is no specific mention of "interest" in the uninsured motorist provision.

The defendant Nationwide argues that because there is no mention of the defendant's obligation to pay costs or interest in that provision of the contract, and because the defendant Nationwide was not a defendant in the underlying tort action, Nationwide is not obligated to pay interest. We disagree.

In *Ensley v. Nationwide Mutual Ins. Co.*, 80 N.C. App. 512, 342 S.E.2d 567 (1986), *cert. denied*, 318 N.C. 414, 349 S.E.2d 594 (1986), this Court addressed whether a plaintiff's uninsured motorist coverage included the payment of interest on a judgment for the plaintiff. The court in that case looked to N.C.G.S. § 24-5 which at that time stated:

The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract shall bear interest from the time the action is instituted until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly. The preceding sentence shall apply only to claims to cover liability insurance.

N.C.G.S. § 24-5 (Supp. 1981) (rewritten effective 1 October 1985, Session Laws 1985, ch. 214). The *Ensley* court held that "G.S. 20-279.21(b)(3) requires that every motor vehicle liability insurance policy issued in North Carolina provide coverage 'for protection of persons insured thereunder who are *legally entitled to recover damages* from owners or operators of uninsured motor vehicles. . . .' " *Id.* at 514-15, 342 S.E.2d at 569. Citing *Brown v. Lumbermens Mutual Casualty Co.*, 285 N.C. 313, 204 S.E.2d 829 (1974), the court stated that, although the uninsured motorist endorsement is conditional and derivative, because the plaintiff must first show he is legally entitled to recover damages, despite the contractual relationship, the insured action is "actually one for the tort allegedly committed by the uninsured motorist." *Ensley*, 80 N.C. App. at 515, 342 S.E.2d at 569 (citation omitted). The court held that uninsured motorist coverage was a type of liability coverage and that the plaintiff's action met the requirement of an action "other than contract" for an award for pre-judgment interest under N.C.G.S. § 24-5.

The current versions of N.C.G.S. § 24-5 provides:

(a) Contracts.—In an action for breach of contract, except an action on a penal bond, the amount awarded on the contract bears interest from the date of breach. The fact finder in an action for breach of contract shall distinguish the principal from the interest in the award, and the judgment shall provide that the principal amount bears interest until the judgment is satisfied. Interest on an award in a contract action shall be at the contract rate, if the parties have so provided in the contract; otherwise, it shall be at the legal rate.

(b) Other actions.—In an action other than contract, the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate.

N.C.G.S. § 24-5. Here, as in *Ensley*, coverage is provided for *damages which the plaintiff is legally entitled to recover* from the owner or operator of the uninsured motor vehicle, and the plaintiff's claim is based in tort, despite the fact that recovery is derivative and conditional. The defendant assumed up to its policy limits the liability of the uninsured motorist for damages which the plaintiff is legally entitled to recover from the uninsured motorist. *Ensley,*

80 N.C. App. at 515, 342 S.E.2d 569. Therefore, the action falls under N.C.G.S. § 24-5(b), (i.e. is an "other action"), and the plaintiff is entitled to recover, up to the policy limits, interest from the defendant Nationwide. We remand this case for the trial court to apply N.C.G.S. § 24-5(b) to the $65,000.00 paid by the defendant on 13 December 1988.

Defendant's Appeal—reversed and remanded.

Plaintiff's Appeal—reversed and remanded.

Chief Judge HEDRICK and Judge COZORT concur.