CREED v. R. G. SWAIM AND SON, INC.

[123 N.C. App. 124 (1996)]

———————

GLADYS P. CREED, Administratrix of the estate of JIMMY GRAY CREED, Deceased, Employee-Plaintiff v. R.G. SWAIM and SON, INC., Employer, NATIONWIDE MUTUAL INSURANCE COMPANY, Carrier, Defendant

No. COA95-645

(Filed 2 July 1996)

## Insurance § 530 (NCI4th); Workers' Compensation § 86 (NCI4th)— UIM coverage—employer's lien for workers' compensation paid to employee

An employer who has paid workers' compensation benefits to its employee is entitled to a lien on the employee's UIM benefits received by the employee in an action by the employee against the tortfeasor, and it is unimportant whether the policy in question is purchased by the employee or by his spouse residing in the same household; furthermore, N.C.G.S. § 97-10.2, which provides

for an employer's lien against amounts its employee obtains from a third party, refers to payment from the tortfeasor and the UIM carrier.

**Am Jur 2d, Insurance §§ 1793-1799; Workers' Compensation § 456.**

**Right of workers' compensation insurer or employer paying to a compensation fund, on the compensable death of employee with no dependents, to indemnity or subrogation from proceeds of wrongful death action brought against third-party tortfeasor. 7 ALR5th 969.**

Appeal by plaintiff from Opinion and Award entered 19 January 1995 by the Full Industrial Commission. Heard in the Court of Appeals 28 February 1996.

This case arises from an accident that occurred on 13 November 1990, in which plaintiff decedent, Jimmy G. Creed, was fatally injured while in the course and scope of employment with defendant R. G. Swaim and Son, Inc. The accident was caused by the negligence of a third party, Carol Mimms, when she lost control of her vehicle and struck Mr. Creed, who was working on the highway installing pipes for his employer.

Defendant Nationwide Mutual Insurance Company (Nationwide), the workers' compensation carrier for defendant employer, admitted liability for the accident and entered into a Form 21 agreement. Pursuant to this agreement, Nationwide paid decedent's wife and administratrix of his estate, plaintiff Gladys P. Creed, $165.12 in temporary total disability benefits for the three-day period of decedent's disability before his death.

Plaintiff and defendants then entered into a Form 30 agreement for compensation and death benefits, which was approved by order of the Industrial Commission on 21 February 1991. Pursuant to the agreement and order, Nationwide owes plaintiff 400 weekly payments of $385.29 in death benefits, totalling $154,116.00. In addition, Nationwide paid $38,064.05 in medical charges for the treatment of decedent before his death and $2,000.00 in funeral benefits.

The vehicle involved in the accident was insured under a policy issued to Ms. Mimms's husband, Edward Lee Mimms, by North Carolina Farm Bureau Mutual Insurance Company, with a per-person limit of liability of $50,000.00. Decedent's wife had purchased a per-

CREED v. R. G. SWAIM AND SON, INC.

[123 N.C. App. 124 (1996)]

sonal automobile policy from First of Georgia Insurance Company, which provided underinsured motorist coverage of $100,000.00 per person, applicable to the damages recoverable by decedent's estate. Farm Bureau tendered the limits of its liability coverage in the amount of $50,000.00, and First of Georgia has $50,000.00 available in underinsured motorist coverage—representing the limits of its underinsured motorist coverage of $100,000.00 minus the $50,000.00 in liability coverage paid by Farm Bureau. The parties agree that pursuant to N.C. Gen. Stat. § 97-10.2(f) (1991), Nationwide has a workers' compensation lien against the $50,000.00 in liability insurance benefits payable by Farm Bureau. There are no other insurance policies providing coverage for the accident.

On 9 January 1992 the Industrial Commission entered an Order of Distribution denying subrogation rights to Nationwide with respect to plaintiff's underinsured motorist benefits payable by First of Georgia. On this basis, defendants moved to rescind the Order of Distribution, and the Commission subsequently vacated and set aside the order. In lieu of a hearing, the parties entered into a stipulation of facts. Deputy Commissioner Edward Garner, Jr., reinstated the Order of Distribution on 11 January 1994, but on 19 January 1995 the Full Commission reversed and granted Nationwide subrogation rights with regard to plaintiff's underinsured motorist coverage. Plaintiff now appeals.

*Gardner, Gardner, & Johnson, by Carroll F. Gardner and John C. W. Gardner, Jr., for plaintiff appellant.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Linda Stephens and Donald F. Lively, for defendant appellees.*

ARNOLD, Chief Judge.

The sole issue on appeal is whether Nationwide, as the workers' compensation carrier, is entitled to be subrogated to plaintiff's underinsured motorist benefits. Plaintiff argues that the Commission erred in concluding that Nationwide has a lien on the proceeds of plaintiff's underinsured motorist policy. We disagree.

The rights and interests of the employee-beneficiary, the employer, and the employer's insurance carrier, with respect to a tort action against a third party, are governed by N.C. Gen. Stat. § 97-10.2 (1991). This statute provides, in pertinent part:

**CREED v. R. G. SWAIM AND SON, INC.**

[123 N.C. App. 124 (1996)]

(f)(1) If the employer has filed a written admission of liability for benefits under this Chapter with, or if an award final in nature in favor of the employee has been entered by the Industrial Commission, then any amount obtained by any person by settlement with, judgment against, or otherwise from the third party by reason of such injury or death shall be disbursed by order of the Industrial Commission for the following purposes and in the following order of priority:

a. First to the payment of actual court costs taxed by judgment and/or reasonable expenses incurred by the employee in the litigation of the third-party claim.

b. Second to the payment of the fee of the attorney representing the person making settlement or obtaining judgment, and except for the fee on the subrogation interest of the employer such fee shall not be subject to the provisions of G.S. 97-90 but shall not exceed one third of the amount obtained or recovered of the third party.

c. Third to the reimbursement of the employer for all benefits by way of compensation or medical compensation expense paid or to be paid by the employer under award of the Industrial Commission.

d. Fourth to the payment of any amount remaining to the employee or his personal representative.

The Commission relied on *Ohio Casualty Group v. Owens*, 99 N.C. App. 131, 392 S.E.2d 647, *disc. review denied*, 327 N.C. 484, 396 S.E.2d 614 (1990), to conclude that "[a] recovery from the employee's uninsured/underinsured carrier is included in the statutory reference to 'any amount obtained by . . . settlement with . . . the third party' in N.C.G.S. § 97-10.2(f)(1)." In *Ohio Casualty*, this Court considered whether an employer's workers' compensation insurance carrier had a lien on the benefits of an underinsured motorist policy purchased by the plaintiff employee. We held that

N.C. Gen. Stat. § 97-10.2 provides for the subrogation of the workers' compensation insurance carrier . . . to the employer's right, upon reimbursement of the employee, to any payment, including uninsured/underinsured motorist insurance proceeds, made to the employee by or on behalf of a third party as a result of the employee's injury.

*Ohio Casualty*, 99 N.C. App. at 134, 392 S.E.2d at 649. In *Bailey v. Nationwide Mut. Ins. Co.*, 112 N.C. App. 47, 54, 434 S.E.2d 625, 630 (1993), another case involving an employee's underinsured motorist policy, we stated:

> Just as our Court held that the workers' compensation carrier had a lien against the UM/UIM coverage purchased by the plaintiff in *Ohio Casualty Group v. Owens*, we find that defendant [workers' compensation carrier] has a subrogation lien on the UM policy proceeds on the case herein.

*See also Hieb v. St. Paul Fire & Marine Ins. Co.*, 112 N.C. App. 502, 435 S.E.2d 826 (1993). In other words, "an employer who has paid workers' compensation benefits to its employee is entitled to a lien on the employee's underinsured motorist benefits received by the employee in an action by the employee against the tortfeasor." *Buckner v. City of Asheville*, 113 N.C. App. 354, 360-61, 438 S.E.2d 467, 470 (citing *Ohio Casualty*, 99 N.C. App. at 136, 392 S.E.2d at 650), *disc. review denied*, 336 N.C. 602, 447 S.E.2d 385 (1994).

Plaintiff contends that *Ohio Casualty* is distinguishable because it involved an employee's underinsured motorist policy, while the instant case involves an underinsured motorist policy purchased by the employee's wife. This Court found in *Buckner* that whether an underinsured motorist policy is an employer's or an employee's "is unimportant." *Buckner*, 113 N.C. App. at 361, 438 S.E.2d at 470. Likewise, under G.S. § 97-10.2(f), we find that the distinction between an underinsured motorist policy purchased by the employee and one covering the employee but purchased by his spouse while a resident of the same household is unimportant. *See* N.C. Gen. Stat. § 20-279.21(b)(3) (1993). Contrary to plaintiff's contention, we find *Ohio Casualty* controlling.

Plaintiff also argues that G.S. § 97-10.2, which provides for an employer's lien against amounts its employee obtains from a *third party*, refers to payment only from the tortfeasor, and recovery from plaintiff's underinsured motorist carrier would not constitute payment from the third party. We disagree.

As this Court noted in *Ohio Casualty*, G.S. § 97-10.2 provides for subrogation of the workers' compensation insurance carrier to the employer's right to payment made to the employee by or "on behalf of" a third party. *Ohio Casualty*, 99 N.C. App. at 134, 392 S.E.2d at 649. Under G.S. § 20-279.21(b)(3), underinsured motorist coverage is

provided for damage which plaintiff "is legally entitled to recover" from the owner or operator of an uninsured motor vehicle. . . . Thus, by the uninsured motorist coverage . . . defendant assumed, up to its policy limits, the liability of the uninsured motorist for damages which the plaintiff is legally entitled to recover from the uninsured motorist.

*Ensley v. Nationwide Mut. Ins. Co.*, 80 N.C. App. 512, 515, 342 S.E.2d 567, 569 (citation omitted), *cert. denied*, 318 N.C. 414, 349 S.E.2d 594 (1986). Accordingly, G.S. § 20-279.21(b)(3) " 'provides for a limited type of compulsory automobile *liability coverage* against uninsured motorists.' " *Id.* (citation omitted). An action under an underinsured motorist policy is " 'actually one for the tort allegedly committed by the uninsured motorist.' " *Baxley v. Nationwide Mutual Ins. Co.*, 104 N.C. App. 419, 424, 410 S.E.2d 12, 15 (1991) (quoting *Ensley*, 80 N.C. App. at 515, 342 S.E.2d at 569), *aff'd*, 334 N.C. 1, 430 S.E.2d 895 (1993). Thus, the benefits under plaintiff's underinsured motorist policy are payable "on behalf of" the third party tortfeasor, and Nationwide has a lien on the proceeds of plaintiff's underinsured motorist policy.

The Opinion and Award of the Full Commission is

Affirmed.

Judges WYNN and MARTIN, Mark D., concur.