LIBERTY MUTUAL INSURANCE COMPANY AND STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPANY v. PATRICIA E. DITILLO, EXECUTRIX OF THE ESTATE
OF JOHN JOSEPH DITILLO; PAULA C. BURGOON, ADMINISTRATRIX OF THE ESTATE
OF RALPH JEAN CLARK; DONNA T. STILWELL, ADMINISTRATRIX OF THE ESTATE OF
CHARLES BRUCE STILWELL; RELIANCE INSURANCE COMPANY; AND DAY &
ZIMMERMAN, INC.

No. 220A97

(Filed 8 May 1998)

**Insurance § 509 (NCI4th)— personal automobile policies—UM
coverage—reduction for workers' compensation benefits**

The limitation of liability provision in the uninsured motorist (UM) section of personal automobile policies reducing UM coverage for amounts paid or payable under workers' compensation law is authorized by N.C.G.S. § 20-279.21(e) without regard to characterization of the coverage as "mandatory" or "voluntary" under the Financial Responsibility Act. Therefore, UM coverage in personal automobile policies owned by the driver and a passenger of a vehicle leased by their employer for the driver's use was not available to their estates for their deaths in a collision with an uninsured motorist where the workers' compensation benefits paid or payable to their survivors exceed the UM coverage of the policies.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 125 N.C. App. 701, 482 S.E.2d 743 (1997), affirming in part and reversing in part a judgment entered

**LIBERTY MUT. INS. CO. v. DITILLO**

[348 N.C. 247 (1998)]

1 February 1996 by Helms (William H.), J., in Superior Court, Union County. On 5 June 1997, the Supreme Court granted discretionary review of additional issues. Heard in the Supreme Court 19 November 1997.

*Dean & Gibson, L.L.P., by Rodney Dean and D. Christopher Osborn, for plaintiff-appellant and -appellee Liberty Mutual Ins. Co.*

*Golding Meekins Holden Cosper & Stiles, L.L.P., by Harvey L. Cosper, Jr. and Scott A. Beckey, for plaintiff-appellant and -appellee State Farm Mutual Automobile Ins. Co.*

*Ronald H. Cox for defendant-appellant and -appellee Paula Burgoon, administratrix of the estate of Ralph Clark.*

*John E. Hodge, Jr., for defendant-appellant and -appellee Donna Stilwell, administratrix of the estate of Charles Stilwell.*

*Kennedy Covington Lobdell & Hickman, L.L.P., by Wayne Huckel, for defendant-appellees Reliance Ins. Co. and Day & Zimmerman, Inc.*

FRYE, Justice.

This case arises out of an automobile accident on 31 January 1991 in which Charles Bruce Stilwell (Stilwell), Ralph Jean Clark (Clark), and John Joseph Ditillo (Ditillo) were killed. The issue to be decided is whether the uninsured motorist (UM) coverage in personal automobile policies owned by Stilwell and Clark is available to their estates where the amount of workers' compensation benefits exceeds the UM coverage limit of each policy. Based on N.C.G.S. § 20-279.21(e) and our recent decision in *McMillian v. N.C. Farm Bureau Mut. Ins. Co.*, 347 N.C. 560, 495 S.E.2d 352 (1998), the answer is no.

All facts pertinent to this case were stipulated to by the parties and, thus, are not in dispute. At the time of the accident, Stilwell, Clark, and Ditillo were employees of Day & Zimmerman, Inc. (D&Z) and were acting in the course and scope of their employment. At the time of the accident, Stilwell was the operator of a 1991 Dodge automobile that was leased for his use by D&Z, and Clark and Ditillo were passengers. D&Z was insured by its workers' compensation carrier, Reliance Insurance Company (Reliance). Pursuant to the Workers' Compensation Act, N.C.G.S. ch. 97 (1991 & Supp. 1997), D&Z and

**LIBERTY MUT. INS. CO. v. DITILLO**

[348 N.C. 247 (1998)]

Reliance filed with the North Carolina Industrial Commission written admissions of liability for the deaths of Stilwell, Clark, and Ditillo. D&Z and Reliance are liable under the Workers' Compensation Act to Donna T. Stilwell, widow of Stilwell, and Patricia E. Ditillo, widow of Ditillo, for compensation in the sum of $162,400 each and are liable to the three daughters of Clark for compensation in the total sum of $130,997.62.

Donna T. Stilwell, Paula C. Burgoon, and Patricia E. Ditillo, as personal representatives of the estates of Stilwell, Clark, and Ditillo, respectively, each commenced a wrongful death action against the operators and owners of the other vehicles involved in the accident. The wrongful death cases were consolidated for trial, and the liability issues were tried at the 28 November 1994 Special Civil Jury Session of Superior Court, Union County. A jury determined that the negligence of Francisco Landaverde Covarrubias (Covarrubias) was the sole proximate cause of the collision that resulted in the deaths of Stilwell, Clark, and Ditillo. At the time of the accident, Covarrubias was operating an uninsured motor vehicle and was an uninsured motorist as defined by N.C.G.S. § 20-279.21.

Prior to 31 January 1991, Liberty Mutual Insurance Company (Liberty Mutual) had issued and delivered to Donna T. and Charles Bruce Stilwell, named insureds, a policy of personal automobile insurance that was in full force and effect at the time of the accident. The Liberty Mutual policy has UM coverage limits for bodily injury in the amount of $100,000 per person and $300,000 per accident. State Farm Mutual Automobile Insurance Company (State Farm) had issued and delivered to Ralph Jean Clark, named insured, a personal automobile policy that was also in full force and effect at the time of the accident. The State Farm policy also has UM coverage limits of $100,000/$300,000. There was no UM coverage under any policy of insurance listing as an insured vehicle the 1991 Dodge leased to D&Z and operated by Stilwell at the time of the accident.

Subsequent to the filing of the wrongful death actions, Liberty Mutual and State Farm filed the declaratory judgment action which is the subject of this case. Various cross-claims followed, filed by and against the personal representatives of Stilwell and Ditillo,[1] D&Z, and Reliance.

---

1. Ditillo's estate did not participate in the appeal to this Court. Patricia E. and John Joseph Ditillo were named insureds under a personal automobile policy issued by Nationwide Mutual Insurance Company, of which the UM coverage limits of $50,000 have been paid in full and are not the subject of any further claims.

The ultimate question in this case is whether the Liberty Mutual and State Farm policies owned by Stilwell and Clark provide any UM coverage to their estates because the amount of workers' compensation benefits to their survivors exceeds the UM coverage limits in each policy. Both the Liberty Mutual and the State Farm policies contain identical limitation of liability and exclusionary provisions in the UM coverage section. The limitation of liability provision in the UM coverage section of each policy provides, in part:

> Any amount otherwise payable for damages under this coverage shall be reduced by all sums:
>
>     . . . .
>
> 2. Paid or payable because of the ***bodily injury*** under any of the following or similar law:
>
>     a. workers' compensation law . . . .

The exclusion (exclusion "C") in the insuring agreement of the UM coverage section of each policy provides:

> C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:
>
> 1. workers' compensation law . . . .

For purposes of the declaratory judgment action, the parties stipulated, *inter alia*, to the following:

> In determining the extent of insurance coverage liability, the court may treat each case as though a judgment was entered against the uninsured driver in an amount in excess of the combination of all applicable insurance coverages under these policies plus the amount of any applicable workers' compensation benefits.

The parties also stipulated that "Covarrubias is judgment-proof."

On 1 February 1996, the trial court entered a judgment in the declaratory judgment action on the stipulated facts. The trial court first determined that the Ditillo and Clark estates were precluded from any recovery under the Liberty Mutual policy issued to Stilwell because: (1) Ditillo and Clark were not persons for whom the Motor Vehicle Safety and Financial Responsibility Act (Financial Responsibility Act) required coverage beyond the terms of the policy;

(2) the terms of the Liberty Mutual policy both reduced the amount of UM coverage that would otherwise be available by the amount of any workers' compensation benefits and excluded any coverage that would benefit a workers' compensation carrier; and (3) in this case, the amount of the workers' compensation benefits exceeded any coverage available to Clark or Ditillo. Next, the trial court determined that, as to the estate of Stilwell, the limiting and exclusionary language in the Liberty Mutual policy's UM coverage would preclude recovery beyond the mandatory $25,000 coverage set forth in the Financial Responsibility Act. Therefore, the trial court ordered that the Stilwell estate recover $25,000 from Liberty Mutual, subject to a workers' compensation lien by Reliance. Using the same reasoning, the court ordered that the Clark estate recover $25,000 from State Farm under its policy, subject to a workers' compensation lien by Reliance. Finally, the trial court found that, pursuant to the parties' stipulation, there was no judgment "insufficient to compensate the subrogation claim of the workers' compensation carrier." The court thus concluded that it had no jurisdiction to apportion the insurance proceeds between the estates and the workers' compensation carrier under N.C.G.S. § 97-10.2(j) and ordered disbursement of the monies subject to Reliance's liens in accordance with N.C.G.S. § 97-10.2(f).

All parties appealed to the Court of Appeals, which subsequently reversed that portion of the trial court's order reducing the UM coverage available to the Stilwell and Clark estates to $25,000 each. The Court of Appeals concluded that exclusion "C" in the Liberty Mutual and State Farm policies had "the same practical effect" as the limitation of liability provision and that both were unenforceable because they conflicted with the Financial Responsibility Act. *Liberty Mut. Ins. Co. v. Ditillo*, 125 N.C. App. 701, 705-06, 482 S.E.2d 743, 745-46 (1997). The Court of Appeals opinion in this case was filed prior to *McMillian v. N.C. Farm Bureau Mut. Ins. Co.*, 347 N.C. 560, 495 S.E.2d 352.

Plaintiffs, Liberty Mutual and State Farm, appealed on the basis of Judge Greene's dissent, which agreed with the trial court that the limitation of liability and exclusionary provisions were enforceable as to amounts in excess of the mandatory UM coverage of $25,000. Plaintiffs focus primarily on distinguishing the limitation of liability provision, which had been held by previous decisions of the Court of Appeals to be unenforceable, from exclusion "C," which had not previously been ruled upon. Plaintiffs also attempt to distinguish *Bray v. N.C. Farm Bureau Mut. Ins. Co.*, 341 N.C. 678, 462 S.E.2d 650 (1995),

arguing that the majority decision of the Court of Appeals incorrectly concluded that UM coverage above $25,000 was mandatory under the Financial Responsibility Act. We conclude, however, that this Court's decision in *McMillian*, permitting enforcement of the limit of liability provision and overruling in part *Ohio Casualty Group v. Owens*, 99 N.C. App. 131, 392 S.E.2d 647, *disc. rev. denied*, 327 N.C. 484, 396 S.E.2d 614 (1990), and its progeny, is determinative of plaintiffs' obligations in this case. It is therefore unnecessary to address either the validity of exclusion "C" or the extent to which UM coverage under the Liberty Mutual and State Farm policies was mandatory. Because there is no recovery under the UM coverage of either the Liberty Mutual or the State Farm policy, we also do not address the issue of apportionment of insurance proceeds under N.C.G.S. § 97-10.2(j) brought forward on appeal by defendants Stilwell and Burgoon. Furthermore, we conclude that a decision as to additional issues raised by the parties is unnecessary in this case and that discretionary review as to those issues was improvidently allowed.

In *McMillian*, this Court examined the validity of a UM limit of liability provision identical to the one contained in the Liberty Mutual and State Farm policies. Key to our analysis was the language of N.C.G.S. § 20-279.21(e), which provides in pertinent part:

> Such motor vehicle liability policy need not insure against loss from any liability for which benefits are in whole or in part either payable or required to be provided under any workers' compensation law . . . .

N.C.G.S. § 20-279.21(e) (Supp. 1997). We held that

> under the clear wording of N.C.G.S. § 20-279.21(e), the limit of liability provision in defendants' policies at issue in this action is authorized and defendant UM carriers are entitled to reduce coverage to Mr. McMillian by the amount of workers' compensation he has already received.

*McMillian*, 347 N.C. at 565, 495 S.E.2d at 354-55.

As in *McMillian*, the UM coverage at issue in the instant case is contained in the insureds' own personal automobile policies. In *McMillian*, we found no statutory basis for the distinction between personal and business policies reached by the Court of Appeals, and we concluded that N.C.G.S. § 20-279.21(e) authorized a reduction of UM coverage by the amount paid to the insured as workers' compensation benefits. *Id.* at 565, 495 S.E.2d at 354. Likewise, the UM limit of

liability provision in the Liberty Mutual and State Farm policies at issue in this case is authorized by N.C.G.S. § 20-279.21(e), and plaintiff UM carriers are permitted to reduce coverage for Stilwell and Clark by the amount of workers' compensation benefits paid or payable. In this case, the workers' compensation benefits paid or payable to the survivors of Stilwell and Clark, $162,400 and $130,997.62 respectively, exceed the $100,000 per person UM coverage in the Liberty Mutual and State Farm policies. Because the limit of liability provision reducing UM coverage for amounts paid or payable under workers' compensation law is authorized by the Financial Responsibility Act, coverage may be reduced without regard to its characterization as "mandatory" or "voluntary" under the Act. Cf. Bray, 341 N.C. 678, 462 S.E.2d 650 (holding that the family member/household-owned exclusion contained in automobile insurance policy was contrary to the Financial Responsibility Act and therefore unenforceable as to the mandatory UM coverage contained in the policy).

For the foregoing reasons, we conclude that the Court of Appeals erred in holding that the limitation of liability provision, and by extension exclusion "C," in the Liberty Mutual and State Farm policies is unenforceable as conflicting with the Financial Responsibility Act. We hold that the limitation of liability provision in the UM coverage section of the Liberty Mutual and State Farm policies is authorized by N.C.G.S. § 20-279.21(e) and that, to the extent workers' compensation benefits were paid or are payable, Liberty Mutual and State Farm are entitled to reduce the UM coverage available under the respective automobile insurance policies. Moreover, because the decision in this case results in no UM coverage for Stilwell and Clark, there are no insurance proceeds available upon which Reliance, the workers' compensation carrier, could assert a claim. We therefore specifically decline to decide whether a workers' compensation carrier has a right under N.C.G.S. § 97-10.2 to a lien on UM benefits paid to an employee in a case where the UM coverage limits exceed the amount of workers' compensation benefits.

DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART; REVERSED IN PART.