PER CURIAM.
The final declaratory judgment under review is reversed and the cause is remanded to the trial court with directions to apply the law of North Carolina, rather than the law of Florida as it did, in determining the amount of uninsured motorist coverage under the insurance policies involved herein and thereafter to enter a new declaratory judgment in this cause. Plainly, the insurance policies in question were issued in North Carolina on automobiles registered and principally garaged in that state, so that the risk of the policies was centered in North Carolina, rather than in Florida where the subject auto accident occurred. Under these circumstances, the law of North Carolina governs in determining the scope of uninsured motorist coverage under these policies as to the subject accident. New Jersey Manufacturers Insurance Co. v. Woodward, 456 So.2d 552 (Fla. 3d DCA 1984); see Gillen v. United Services Automobile Association, 300 So.2d 3 (Fla.1974); Aetna Casualty & Surety Co. v. Enright, 258 So.2d 472 (Fla. 3d DCA 1972).
Reversed and remanded.