LINDA C. ENSLEY v. NATIONWIDE MUTUAL INSURANCE CO.

No. 8530SC1073

(Filed 6 May 1986)

1. **Insurance § 110— prejudgment interest—uninsured motorist provision— grounded in tort—no error**
    The trial court did not err by awarding prejudgment interest to a plaintiff awarded damages under an uninsured motorist provision because plaintiff's action was grounded in tort rather than contract and because plaintiff's claim was covered by liability insurance within the meaning of N.C.G.S. 24-5 because defendant assumed, up to the limits of the motor vehicle liability insurance policy issued to plaintiff, the liability of the uninsured motorist for damages which plaintiff is legally entitled to recover from the uninsured motorist. N.C.G.S. 20-279.21(b)(3).

**2. Insurance § 110.1; Costs § 3— action under uninsured motorist provision—costs taxed against insurance company—not reviewable**

  The trial court's taxing of costs against an insurance company was within the discretion of the court in an action by a policyholder under an uninsured motorist provision because defendant insurance company occupied the status of a litigant in contending that it owed plaintiff no coverage and then defending plaintiff's claim; N.C.G.S. 6-20 provides that the taxing of costs is in the discretion of the court in actions such as this; and the court's authority to tax costs was not dependent on either the insurance policy or on N.C.G.S. 20-279.21(b)(3). The taxing of costs in a discretionary manner is not reviewable.

APPEAL by defendant from *Packnowski, Judge.* Judgment entered 2 June 1985 in GRAHAM County Superior Court. Heard in the Court of Appeals 5 March 1986.

On 7 July 1981, plaintiff was injured when the automobile which she was driving was struck by a hit and run driver. At the time of the collision, plaintiff was insured by an automobile liability insurance policy issued by defendant insurance company which provided, *inter alia*, uninsured motorist coverage applicable to the collision. Plaintiff brought suit to recover for her personal injuries and was awarded $16,500.00 by the jury. In the judgment entered upon the jury verdict, the trial court ordered that the jury award bear interest from the date the suit was filed and further ordered defendant to pay an expert witness fee as a part of the costs. Defendant then filed a motion, pursuant to G.S. 1A-1, Rules 59 and 60, seeking relief from the provisions of the judgment relating to pre-judgment interest and court costs. The motion was denied and defendant appeals.

*McKeever, Edwards, Davis & Hays, P.A., by Fred H. Moody, Jr. for plaintiff appellee.*

*Carter and Kropelnicki, P.A., by Steven Kropelnicki, Jr. for defendant appellant.*

MARTIN, Judge.

Defendant raises no issues with respect to the trial, the verdict of the jury, or the award of damages to plaintiff. Its only assignments of error are directed to the award of pre-judgment interest and the taxing of court costs. The thrust of defendant's argument is that its obligations to plaintiff arise strictly out of the contract of insurance providing coverage against damages

caused by uninsured motorists, which does not provide coverage for pre-judgment interest or court costs. Therefore, defendant contends, the pre-judgment interest provision of G.S. 24-5 does not apply and the trial court erred in awarding pre-judgment interest and in taxing defendant with the costs. For the reasons which follow, we affirm the judgment of the trial court.

When judgment was entered in this action, G.S. 24-5 provided:

> All sums of money due by contract of any kind, excepting money due on penal bonds, shall bear interest, and when a jury shall render a verdict therefor they shall distinguish the principal from the sum allowed as interest; and the principal sum due on all such contracts shall bear interest from the time of rendering judgment thereon until it is paid and satisfied. The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract shall bear interest from the time the action is instituted until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly. *The preceding sentence shall apply only to claims covered by liability insurance.* The portion of all money judgments designated by the fact-finder as compensatory damages in actions other than contract which are not covered by liability insurance shall bear interest from the time of the verdict until the judgment is paid and satisfied, and the judgment and decree of the court shall be rendered accordingly.

N.C. Gen. Stat. § 24-5 (Supp. 1981) (rewritten effective 1 October 1985, Session Laws 1985, ch. 214) (emphasis added).

[1] Defendant first contends that pre-judgment interest is not permitted in this case because the plaintiff's rights arise from the insurance contract and the action, therefore, is not an action "other than contract." We disagree. Although the uninsured motorist coverage under which plaintiff seeks to recover is provided by the insurance contract, her right to recover thereon is grounded in tort. G.S. 20-279.21(b)(3) requires that every motor vehicle liability insurance policy issued in North Carolina provide coverage "for the protection of persons insured thereunder who are *legally entitled to recover damages* from owners or operators

of uninsured motor vehicles and hit-and-run motor vehicles. . . ."
(Emphasis added.)

> Plaintiff's right to recover against his . . . insurer under
> the uninsured motorist endorsement is derivative and condi-
> tional. Unless he is 'legally entitled to recover damages' . . .
> from the uninsured motorist the contract upon which he sues
> precludes him from recovering against defendant. It is mani-
> fest, therefore, that despite the contractual relation between
> plaintiff insured and defendant insurer, this action is *actually*
> *one for the tort allegedly committed by the uninsured* motor-
> ist.

*Brown v. Lumbermens Mut. Casualty Co.*, 285 N.C. 313, 319, 204
S.E. 2d 829, 834 (1974) (emphasis added). Plaintiff's action meets
the first requirement for an award of pre-judgment interest under
G.S. 24-5, *i.e.*, it is an action "other than contract."

Even so, defendant contends, G.S. 24-5, as written when the
judgment was entered in this case, permits pre-judgment interest
only when a claim is "covered by liability insurance" and that the
uninsured motorist coverage under which plaintiff sought dam-
ages is not liability insurance. In our view, this argument must
also fail. "G.S. 20-279.21(b)(3) provides for a limited type of com-
pulsory automobile *liability coverage* against uninsured motor-
ists." *Moore v. Hartford Fire Ins. Co.*, 270 N.C. 532, 543, 155 S.E.
2d 128, 136 (1967) (emphasis added). Under the terms of the stat-
ute, and the policy issued by defendant, coverage was provided
for damage which plaintiff "is legally entitled to recover" from
the owner or operator of an uninsured motor vehicle. The policy
further provides that such owner's or operator's "liability for
these damages must arise out of the ownership, maintenance or
use of the uninsured motor vehicle." Thus, by the uninsured mo-
torist coverage contained in the motor vehicle liability insurance
policy issued by defendant, defendant assumed, up to its policy
limits, the liability of the uninsured motorist for damages which
the plaintiff is legally entitled to recover from the uninsured
motorist. We conclude that plaintiff's claim is covered by liability
insurance. The award of interest from the date plaintiff instituted
this action is affirmed.

[2] Defendant also assigns as error that portion of the judgment
taxing it with the costs of court, contending that the costs are

beyond the coverage provided by its policy or required by G.S. 20-279.21(b)(3). The authority of the court to tax costs is not dependent on either the insurance policy or G.S. 20-279.21(b)(3). Defendant occupied the status of a litigant in this action, contending first that it owed plaintiff no coverage and, failing in that contention, defending against her damage claim. G.S. 6-20 provides that in actions such as this one, the allowance of the costs is within the discretion of the court. "Where the court has taxed costs in a discretionary manner its decision is not reviewable." *Dixon, Odom & Co. v. Sledge*, 59 N.C. App. 280, 286, 296 S.E. 2d 512, 516 (1982) (citing *Hoskins v. Hoskins*, 259 N.C. 704, 131 S.E. 2d 326 (1963)).

The judgment appealed from is

Affirmed.

Judges BECTON and JOHNSON concur.