530 So.2d 516 (1988)
Susan HERNDON, et al., Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Etc., Appellee.
No. 87-2327.
District Court of Appeal of Florida, Fifth District.
September 8, 1988.
Mike Krasny of Storms, Krasny, Normile & Dettmer, P.A., Melbourne, for appellants.
*517 Dennis R. O'Connor of Gurney & Handley, P.A., Orlando, for appellee.
ORFINGER, Judge.
Appellants Susan Herndon, individually and as personal representative of the estate of Maria Elizabeth Gunther, deceased, and William F. Herndon (plaintiffs below), appeal from a final judgment denying their request for assessment of pre-judgment interest against appellee Government Employees Insurance Company (GEICO). Because North Carolina law governs this dispute, we reverse.
On July 17, 1983, Maria Elizabeth Gunther, the minor daughter of Susan Herndon and stepdaughter of William Herndon died as a result of injuries she sustained in an automobile accident in Brevard County, Florida. Maria was a passenger in a vehicle owned and driven by a friend which was negligently struck by another vehicle owned by one Ecord and being driven by Ecord's brother.
In June, 1981, GEICO had issued an automobile insurance policy to William Herndon, then a Florida resident, on two vehicles, a Cadillac and a Plymouth, both garaged at the Herndon residence in Melbourne, Florida. The policy was renewed in April, 1982 and August, 1982. In September, 1982, a policy declaration was issued reflecting a change in the location where the Plymouth was to be principally garaged to Cullowhee, North Carolina, where Maria was attending college.
In June, 1983, appellants moved to Boone, North Carolina and notified GEICO. On June 28, 1983, GEICO issued new declaration pages reflecting that both cars were to be principally garaged in North Carolina. The named insured's address change to North Carolina was noted and the policy period changed. Each vehicle had $100,000 in UM coverage. At the time of her death, the decedent, the principal driver of the Plymouth, was a student for the summer term at Brevard Community College in Melbourne.
Although it carried some insurance, under North Carolina law the Ecord vehicle was considered an "uninsured motor vehicle". Ecord's carrier paid its policy limits of $15,000 to the appellants who then demanded UM benefits from GEICO in the amount of $200,000 (stacking the two vehicles). GEICO responded by instituting a declaratory action in North Carolina state court seeking to have a determination that North Carolina law applied to the UM claim and that the maximum coverage afforded was $100,000. On January 31, 1985, the North Carolina court entered summary judgment for GEICO holding that North Carolina law applied to interpretation of the policies and that the insurer's maximum liability to appellants with respect to UM coverage is $100,000. Appellants appealed this ruling and while the appeal was pending, on July 15, 1985, sued GEICO in Brevard County Circuit Court to compel arbitration of the claim, or for damages under the UM provisions of the policy for their daughter's wrongful death.
While the Brevard County action was pending, the North Carolina appellate court affirmed the trial court on the question of available UM coverage. GEICO then tendered its $100,000 limits and appellants accepted payment, reserving the right to claim prejudgment interest which they maintained was allowed under North Carolina law. The trial court subsequently held that Florida law governed, and that there was no entitlement to prejudgment interest because the damage claim was unliquidated. From the final judgment entered in favor of the insurer, this appeal follows.
Appellants argue that since on the UM stacking question appellee GEICO successfully asserted that North Carolina law applied, such law further applies to the question of entitlement to prejudgment interest and that under North Carolina law, interest is allowed.[1] GEICO responds that while North Carolina law controlled the coverage issue, Florida law controls the question of entitlement to prejudgment interest, which *518 is not recoverable under Florida law because this is an action for the recovery of personal injuries. See Cooper v. Aetna Casualty & Surety Company, 485 So.2d 1367 (Fla. 2d DCA 1986). The insurer's position is that disputes over entitlement, vel non, to prejudgment interest, are grounded in tort and therefore in determining choice of law, the significant relationships test applies, which requires the application of this test results in application of Florida law. Conversely, appellants assert that the law of the place of contract, North Carolina, applies,[2] and relies on cases such as Andrews v. Continental Insurance Company, 444 So.2d 479, 484 (Fla. 5th DCA 1984) (UM claim, court declared "validity and interpretation of the rights and obligations of parties to a contract are determined by the law of the place where the contract was made"); Allstate Insurance Co. v. Pierce, 468 So.2d 536 (Fla. 3d DCA 1985) (where policies issued in North Carolina on autos registered and principally garaged there so that risk of policies was centered there rather than in Florida, where accident occurred, North Carolina law governed question of scope of UM coverage afforded by policies).
Since the entry of the judgment here, the Florida Supreme Court has decided the case of Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988), which controls this dispute. There, the court held that in determining the applicable law on an issue of insurance coverage, the doctrine of lex loci contractus applies, i.e., the law of the place where the contract was executed will control. The court declared:
While it is true that lex loci contractus is an inflexible rule, we believe that this inflexibility is necessary to ensure stability in contract arrangements. When parties come to terms in an agreement, they do so with the implied acknowledgment that the laws of that jurisdiction will control absent some provision to the contrary. This benefits both parties, not merely an insurance company... .
* * * * * *
We recognize that this Court has discarded the analogous doctrine of lex loci delicti with respect to tort actions and limitations of actions. However, we believe that the reasoning controlling those decisions does not apply in the instant case. With tort law, there is no agreement, no foreseen set of rules and statutes which the parties had recognized would control the litigation. In the case of an insurance contract, the parties enter into that contract with the acknowledgment that the laws of that jurisdiction control their actions. In essence, that jurisdiction's laws are incorporated by implication into the agreement. [Footnotes omitted].
Id. at 1129, 1130.
GEICO insists, however, that because this action is one for the recovery of personal injuries it is thus grounded in tort; that the "significant relationships" test applies, Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980); that in applying said test, Florida law will control and that under Florida law, no prejudgment interest may be claimed in an action for personal injuries. The applicability of the significant relationships test was raised and rejected in Sturiano, which too was an action for wrongful death, where the court applied the law of the place where the insurance policy was issued under the doctrine of lex loci contractus.[3]
*519 Since the insurance policy became a North Carolina contract, North Carolina law will be applied, as it was when the question of coverage was determined, and pre-judgment interest will be allowed. This leaves only the question of the date from which such interest is due. Ensley, supra, holds that pre-judgment interest is due from the date the action is filed. Appellants argue that they counterclaimed in the North Carolina declaratory action for wrongful death recovery by a pleading filed on June 15, 1984, but the record before us contains nothing to support this contention. Nevertheless, appellants did not obtain a recovery on their claim in North Carolina so as to form a predicate for an award of interest. See Ensley; N.C. Gen. Stat. § 24-5. Given this, the trial court was correct in concluding that interest, if it were to be allowed, would be calculated from July 15, 1985, the date appellants sued GEICO in Brevard County.
REVERSED and REMANDED for entry of judgment in favor of appellants.
SHARP, C.J., and DAUKSCH, J., concur.
NOTES
[1] See Ensley v. Nationwide Mutual Insurance Co., 80 N.C. App. 512, 342 S.E.2d 567 (1986) rev. denied, 318 N.C. 414, 349 S.E.2d 594 (1986) and North Carolina Gen.Stat. § 24-5.
[2] The insurance policy was initially issued in Florida but new declaration pages were issued after appellants advised the insurer of their move. These declaration pages reflected changes in the named insured's address, location of the insured vehicles, changed the policy periods to encompass 6/11/83 to 6/11/84 and changed the premiums due. We have no difficulty in concluding, as did the North Carolina court, that a new contract, centered in North Carolina was created at this time.
[3] It should be pointed out, however, and as observed by Justice Grimes in his concurring opinion in Sturiano, that even if we were to apply the significant relationships test, North Carolina law would control. Here, the Florida tortfeasor has been released. No public policy of Florida requires vindication and no citizen of Florida requires protection. See Andrews v. Continental Insurance Company, 444 So.2d 479 (Fla. 5th DCA 1984). North Carolina law, although recognizing that an action for recovery of damages under a UM policy is an action for the tort of the uninsured motorist, nevertheless permits recovery of pre-judgment interest. North Carolina law was invoked by GEICO to determine the extent of insurance coverage, and it would seem that North Carolina has the most significant relationship to this controversy.