Gary G. Green and Edward A. Mattingly, Houston, for appellant.

James C. Plummer, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment awarding uninsured motorist benefits to Clinton and Callie Howard. In a single point of error, Potomac Insurance Company claims the trial court's award of prejudgment interest exceeded the policy limits, and was, therefore, improper. We affirm.

**POTOMAC INSURANCE COMPANY dba General Accident Insurance Company of America dba General Accident Insurance Company, Appellant,**

v.

**Clinton B. HOWARD and Callie D. Howard, Appellees.**

No. A14–90–859–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 13, 1991.

Rehearing Overruled Aug. 22, 1991.

Potomac issued an insurance policy to Callie Howard, that contained an uninsured motorist provision with policy limits of $45,000. Howard alleged she was struck by a hit and run automobile on October 17, 1985. Potomac denied there was physical contact between Howard's car and the hit and run car and denied Howard's uninsured motorist claim. Howard sued Potomac on a contract theory for uninsured motorist benefits for her personal injuries and on a tort theory for the breach of the duty of good faith and fair dealing based on Potomac's mishandling of her uninsured motorist claim. The contract action has been severed from the bad faith action, which is still pending.

Howard's uninsured motorist cause of action was tried on the issue of liability

**558**

only. Potomac and Howard stipulated that Howard's personal injury damages exceeded the $45,000 uninsured motorist policy limits. The only jury issues submitted were contract, negligence, and proximate cause. The jury found in favor of Howard on all three issues. The trial court awarded Howard the policy limits of $45,000 plus prejudgment interest at the rate of ten percent compounded daily from September 29, 1986, to the date of the judgment.

In its sole point of error, Potomac claims the trial court's award of $45,000 plus prejudgment interest exceeds the policy limits and is, therefore, improper. Potomac asserts that, because prejudgment interest is interest as damages as opposed to interest for the use of money, the prejudgment interest amount should not exceed the policy limits. The supreme court, however, has held that prejudgment interest is recoverable regardless of whether it is characterized as damages or as interest. *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 553 (Tex.1985).

The primary objective of awarding damages in civil actions is to compensate the injured plaintiff, rather than to punish the defendant. W. Keeton, et al., *Prosser and Keeton on the Law of Torts* § 2 (5th ed. 1984). A law that denies recovery of prejudgment interest frustrates this goal. *Cavnar*, 696 S.W.2d at 552. If a judgment provides plaintiffs only the amount of damages sustained at the time of the incident, plaintiffs are not fully compensated. *Id.* They have been denied the opportunity to invest and earn interest on the amount of damages between the time of the occurrence and the time of judgment.

A potential award of prejudgment interest advances the objective of encouraging speedy compensation to victims and ensures that the aim of obtaining a high recovery for victims and their survivors is not defeated by a defendant's strategy of delaying payment or judgment until the award is diminished in actual value. *Domangue v. Eastern Air Lines, Inc.*, 722 F.2d 256, 264 (5th Cir.1984). Nowhere is that objective more frustrated than in a case of damage limitation in an insurance

policy. If the insurance company is required to pay only the policy limits even if the insured must sue to recover under the policy, the insurance company has no incentive to pay the claim promptly.

In this case, the insurance company delayed paying Howard's claim from September 1986 to August 1990. The award of prejudgment interest promotes prompt attention to the insured's claim. We conclude the trial court did not abuse its discretion in awarding prejudgment interest. We overrule appellant's sole point of error.

The trial court's judgment is affirmed.