**Jerry HENSON, Appellant,**

v.

**TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, et alius, Appellees.**

**No. 07–98–0173–CV.**

Court of Appeals of Texas, Amarillo.

March 8, 1999.

Rehearing Overruled April 7, 1999.

Ken D. Cowling, Jr., Lubbock, for appellant.

Jones Flygare Brown & Wharton, James L. Wharton, G. Douglas Welch, Lubbock, for appellees.

Before REAVIS and JOHNSON, JJ., and CHARLES L. REYNOLDS, Senior Justice*

CHARLES L. REYNOLDS, Senior Justice (Retired).

The question presented by this appeal is whether an injured motor vehicle passenger, who was not paid uninsured/underinsured motorist damages until he established he was legally entitled to recover them, is entitled to prejudgment interest, which the trial court denied. Holding that he is not, we will affirm.

Jerry Henson, a passenger in a vehicle operated by Robert Millican, was injured when the Millican vehicle and one operated by Consuelo Contreras were involved in a 3 March 1991 collision. The next day, Henson gave a written statement to, and filed claim forms with, the insurance companies. On 19 February 1993, Henson and his wife filed the action underlying this appeal against Millican, Contreras, Southern Farm Bureau Casualty Insurance Company and Texas Farm Bureau Mutual Insurance Company (the Companies). By the action, the Hensons sought to recover damages alleged to have resulted from the negligence of either Millican or Contreras, or both, in causing the collision, and to recover, on a contract theory, the uninsured/underinsured motorist coverage of $25,000 and $20,000 provided in respective policies of insurance issued by the Companies to Henson and Millican. They also sought the recovery of, inter alia, prejudgment interest.

The agreement for uninsured/underinsured motorist coverage provided by each policy specified that the Companies

> will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance, or use of the uninsured motor vehicle.

The Companies moved for a severance of the Hensons' claims alleged against them, and then they and the Hensons executed a stipulation agreement in regard to the uninsured/underinsured motorist coverage claims made by the Hensons. The parties stipulated that liability and damage findings after a jury trial of the Hensons' negligence action against Millican and Contreras would be binding on, and established with relation to the Hensons' claims against, the Companies. The stipulations were made in consideration of the Hensons' agreement and consent to the severance motion, and with the understanding that the Hensons' claims against Millican be tried first. The Companies were allowed thirty days following the entry of a final judgment in the Hensons–Millican trial before the stipulations were enforceable against them. The court granted the motion and ordered a severance.

Prior to trial of the negligence action, the Hensons settled with Contreras for her insurance policy limits of $20,000. In the trial of the Hensons' negligence action against Millican, a jury attributed 100% of the negligence to Contreras, fixed Henson's damages at $133,842.13, and found Henson's wife did not sustain any damages. Following the jury's verdict, Henson amended his pleadings to delete his wife's claims for uninsured/underinsured motorist damages. Thereafter, he moved for judgment on the verdict, together with prejudgment interest.

Because Contreras was found to be solely responsible for the accident, and she had

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

only a minimum limits policy, she met the definition of underinsured motorist in the policies. The limits of each policy, totaling $45,000, was tendered to Henson within the time specified in the stipulation, but he refused to accept the tender because prejudgment interest was not tendered. The $45,000 was tendered into the registry of the court and placed in an interest bearing account. The court rendered a final, modified judgment on 3 February 1998, decreeing that Henson recover the $45,000 with accrued interest, but denied all other relief sought, including prejudgment interest.

Henson appeals, using one point of error to charge the trial court erroneously denied him a recovery of prejudgment interest. He submits that a breach of the contracts for uninsured motorist coverage occurred when the Companies failed to pay the claims and demands for payment he filed on 4 March 1991. As a consequence, he contends, in brief, that he is entitled to prejudgment interest under the policy reasons expressed in Cavnar v. Quality Control Parking, Inc., 696 S.W.2d 549, 551–54 (Tex.1985), for allowing prejudgment interest in wrongful death, survival and personal injury actions, extended in Perry Roofing Co. v. Olcott, 744 S.W.2d 929, 930 (Tex.1988), to allow prejudgment interest on damages not ascertainable from the face of a contract, and applied in Potomac Ins. Co. v. Howard, 813 S.W.2d 557, 558 (Tex.App.—Houston [14th Dist.] 1991, no writ), to uphold an award of prejudgment interest on a recovery of uninsured motorist benefits in a contract case. Therefore, he concludes, he is entitled to prejudgment interest from 2 September 1991, the 180th day after he gave notice of his claim to the Companies, or, alternatively, from 19 February 1993, the date he filed his original petition, until the day before the modified judgment was signed on 3 February 1998.

Countering, the Companies submit that Henson is not entitled to prejudgment interest because there was not a breach of either contract for uninsured motor vehicle coverage. This results, they argue, because when the Henson claims were filed, they were unmatured claims since the condition-precedent provision in each contract for payment of damages which a covered person is "legally entitled to recover" had not been met. Until the Hensons obtained a judicial determination that they were legally entitled to recover from either Contreras or Millican, or both, the Companies did not know whom to pay or what sums to pay. Once the judicial determination of Henson's legal entitlement of recovery from Contreras was made, the condition precedent was satisfied, and then the uninsured motorist damages were timely tendered.

At the outset, we observe, as the Companies notice, that the condition precedent question was not raised in Howard and, thus, the effect of the "legally entitled to recover" language was not addressed. Instead, the insurance company only questioned the trial court's allowance of prejudgment interest on uninsured motorist benefits as being interest as damages which should not exceed the policy limits. The Howard court answered with the Cavnar holding "that prejudgment interest is recoverable regardless of whether it is characterized as damages or as interest" and, citing the policy considerations expressed in Cavnar, concluded that the trial court did not abuse its discretion in awarding prejudgment interest. 813 S.W.2d at 558. Consequently, the Howard decision is not controlling of the question before us.

To avail himself of the uninsured/underinsured coverage, Henson was required by the precise language of the policies to show that he was "legally entitled to recover" from either Millican or Contreras, or both. This commanded that Henson must be able to show fault on the part of the uninsured or underinsured motorist and the extent of his resulting damages. Franco v. Allstate Insurance Company, 505 S.W.2d 789, 792 (Tex. 1974). These acts by Henson constitute conditions precedent to an obligation of the Companies to perform, i.e., they are acts which "must occur before there is a right to immediate performance and before there is a breach of contractual duty." Hohenberg Bros. Co. v. George E. Gibbons & Co., 537 S.W.2d 1, 3 (Tex.1976); Sikes v. Zuloaga, 830 S.W.2d 752, 753 (Tex.App.—Austin 1992, no writ).

The application of these principles makes it apparent that the Companies had not breached a contractual duty to pay the uninsured/underinsured coverage amounts when Henson filed either his claims and demands for payment or his original petition, for he had not then met the conditions precedent for performance by the Companies. Under the terms of each policy and the stipulations, the conditions precedent were met when Henson secured the liability and damage findings of the jury in the litigation against Millican. Only at that time did Henson have a right to immediate performance by the Companies; and, because the Companies timely performed by tendering the full amount of the coverages within the time specified in the stipulations, they did not breach their contracts. Thus, by being timely paid when he established his right to the money he received from the Companies, Henson had not previously lost the use of the money so as to be entitled to prejudgment interest, which is compensation allowed by law as additional damages for the lost use of money due during the lapse of time between the accrual of a claim and the date of judgment. Johnson & Higgins of TX v. Kenneco Energy, 962 S.W.2d 507, 528 (Tex.1998).

Accordingly, Henson's point of error is overruled, and the judgment of the trial court is affirmed.

JOHNSON, J., not participating