Kathy INMAN, Appellant–Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee–Defendant.

No. 41A01–1005–CT–225.

Court of Appeals of Indiana.

Dec. 30, 2010.

Nicholas C. Deets, Hovde Dassow & Deets LLC, Indianapolis, IN, Attorney for Appellant.

Robert A. Durham, State Farm Litigation Counsel, Indianapolis, IN, Attorney for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Plaintiff, Kathy Inman (Inman), appeals the trial court's denial of her motion for prejudgment interest pursuant to Indiana Code section 34–51–4–5 in her action against Appellee–Defendant, State Farm Mutual Automobile Insurance Company (State Farm).

We reverse and remand with instructions.

*ISSUE*

Inman raises one issue on appeal, which we restate as follows: Whether the trial court erred in denying her motion for prejudgment interest.

*FACTS AND PROCEDURAL HISTORY*

Inman and Nicholas Shinnamon (Shinnamon) were involved in a motor vehicle collision on November 26, 2006. On November 2, 2007, Inman filed a complaint alleging Shinnamon was negligent when he struck the rear of her vehicle. Inman further alleged that as a result of Shinnamon's negligence, she suffered physical injuries and other compensable damages.

In January 2009, Shinnamon's insurer, American Family Insurance Company, settled the matter on Shinnamon's behalf by paying Inman the $50,000 limit of Shinnamon's automobile liability policy. Inman's insurer, State Farm, consented to the settlement. Following the settlement, and with State Farm's consent, Inman dismissed Shinnamon from the action.

On January 22, 2009, Inman filed an amended complaint against State Farm seeking an additional $50,000 in underinsured motorist benefits from her policy

that had a $100,000 per person cap on liability. The amended complaint alleged that as a result of Shinnamon's negligence, Inman sustained bodily injury damages in excess of $100,000 and was entitled to a $50,000 payment from State Farm. On March 11, 2009, State Farm filed an answer denying that Shinnamon was at fault and that Inman was entitled to a $50,000 payment from State Farm.

On June 14, 2009, Inman filed a written offer of settlement pursuant to Ind.Code section 34–51–4–6 wherein she made an offer to settle the case for the policy limits of $50,000. State Farm did not respond to the offer, and the matter proceeded to trial in March 2010. On March 17, 2010, the jury returned a verdict in favor of Inman for $50,000. On April 12, 2010, Inman filed a motion for prejudgment interest pursuant to Indiana Code section 34–51–4–5 wherein she sought 10% prejudgment interest beginning on January 22, 2009, the date she filed the amended complaint against State Farm. She asked the court to award her $3,616.44, plus $13.10 per day after April 12, 2010. On April 30, 2010, the trial court summarily denied Inman's motion.

Inman now appeals the denial. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Standard of Review

The Tort Prejudgment Interest Statute (the TPIS) permits a trial court to award prejudgment interest to a party that prevails at trial in "any civil action arising out of tortious conduct" so long as that party has made a timely offer of settlement according to terms specified in the statute. I.C. § 34–51–4–1, –5, and –6. These terms require the Plaintiff to make a settlement offer within one year after the claim is filed in court, and include a provision for payment of the offer within sixty days after the offer is accepted. I.C. § 34–51–4–6. In addition, the amount of the offer must not exceed one and one-third of the amount of the judgment awarded. *Id.* The statute limits the rate of prejudgment interest that a trial court may award to a minimum of six percent and a maximum of ten percent per year. *See* I.C. § 34–51–4–9. The court is further limited to awarding interest for a maximum period of forty-eight months. I.C. § 34–51–4–8.

The purpose of the TPIS is to encourage settlement and to compensate the plaintiff for the lost time value of money. *Johnson v. Eldridge,* 799 N.E.2d 29, 33 (Ind.Ct.App.2003), *trans. denied.* If a defendant has the option to terminate the dispute at a known dollar cost, and chooses not to do so, that defendant, and not the plaintiff, should bear the cost of the time value of money in the intervening period if the ultimate result is within the parameters set by the legislature. *Id.*

We evaluate an award of prejudgment interest under an abuse of discretion standard. *Id.* The decision to award prejudgment interest rests on a factual determination, and this court may only consider the evidence most favorable to the judgment. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misrepresented the law. *Id.*

Here, Inman argues that the trial court should have granted her motion and awarded her prejudgment interest because she met all of the requirements of the TPIS. State Farm responds that Inman does not meet the statutory requirements because an underinsured motorist claim arises out of a contract and is not a civil action arising out of tortious conduct as required by the statute. State Farm also

argues that it is not liable for any amount beyond the $100,000 policy limit. We address each of these contentions in turn.

## II. Civil Action Arising Out of Tortious Conduct

■ State Farm first responds that Inman does not meet the TPIS requirements because an underinsured motorist claim is not a civil action arising out of tortious conduct as required by the statute. Although no Indiana cases have addressed this issue, we find *Woods v. Farmers Insurance of Columbus, Inc.*, 106 Ohio App.3d 389, 666 N.E.2d 283 (1995), to be instructive. There, Woods was killed as a result of the negligence of an uninsured motorist, and the administrator of her Estate, her parents (Parents), and her children (collectively, the Insureds) filed a lawsuit against Parents' insurer seeking uninsured motorist benefits. After an arbitration panel awarded Parents $175,000 each, Parents filed a motion for prejudgment interest pursuant to a statute that required the judgment to be rendered in a "civil action based on tortious conduct." *See* Revised Code. 1343.03(C). The trial court denied the motion, and Insureds appealed.

The Ohio court of appeals reviewed the statute and concluded that a claim against one's insurer for uninsured motorist coverage is indeed "based on tortious conduct." *Woods*, 666 N.E.2d at 288. First, the court reasoned that the legislature could have used the simpler phrase, "tort action," rather than "civil action based on tortious conduct" had it intended the statute to apply in tort cases only. *Id.* at 396, 666 N.E.2d 283. The court also pointed out that elsewhere in the Revised Code, the terminology encompassing tort actions is less expansive. *Id.* and statutes cited therein. In addition, the court reasoned that the purpose of the uninsured motorist insurance statutes is to provide the claim-ant with the compensation for which the tortfeasor is liable. *Id.* The court concluded that because prejudgment interest is in the nature of compensatory damages, the rule for prejudgment interest should be the same in actions against the tortfeasor as well as actions against one's own insurer for uninsured motorist coverage. *Id.* Specifically, the court explained that although in theory, a claimant's cause of action in tort against a third-party tortfeasor may be distinct from a cause of action in contract against the claimant's own insurer for uninsured motorist coverage, the distinction is meaningless in the context of a claim for uninsured motorist coverage. *Id.* The Ohio court of appeals therefore held that a claim against one's insurer for uninsured motorist coverage is a "civil action based on tortious conduct" within the meaning of R.C. 1343.03(C).

The supreme court of Oklahoma reached a similar result in *Torres v. Kansas City Fire and Marine Insurance Company*, 849 P.2d 407 (Okla.1993). There, a representative of the decedent's estate sued the decedent's employer's insurer to recover under an uninsured/underinsured (UM) policy endorsement after decedent was killed in an automobile accident while a passenger in a car driven by his co-employee. *Id.* at 409. Insurer admitted decedent was an insured under the UM endorsement, the trial court ruled that UM coverage was available, and the matter was tried to a jury on damages. *Id.* The jury returned a verdict for $350,000, which the trial court increased with statutory prejudgment interest to it. *Id.*

The insurer appealed and argued that the trial court erred in adding prejudgment interest to the verdict because the lawsuit was based on an insurance contract and was not a suit for "damages by reason of personal injuries" as required by 12 O.S.191, § 727(A)(2). *Id.* at 413. However,

the Oklahoma supreme court explained that UM coverage is itself nothing less than coverage to provide monetary relief for bodily injury or death by reason of personal injury to the extent the tortfeasor who is uninsured or underinsured or who may be unknown in the case or a hit and run accident, is not in a position to pay the damages. *Torres*, 849 P.2d at 414. According to the court, UM coverage merely provides a source of recovery for personal injuries when an innocent victim cannot otherwise recover from the tortfeasor. *Id.* The court concluded "in that the tortfeasor would be liable for prejudgment interest the UM carrier is likewise liable therefore and a suit to recover for bodily injury or death against a UM carrier is one intended to be covered by § 727(A)(2) because such a suit is in essence nothing other than a suit to recover for personal injuries." *Id.*

We find the reasoning of these cases, as well as similar ones in other jurisdictions, to be persuasive. *See, e.g., Ensley v. Nationwide Mutual Insurance Company*, 80 N.C.App. 512, 342 S.E.2d 567, 568–69 (1986), *cert. denied*, (holding claim for uninsured motorist coverage was tort claim and not contract claim); *J.C. Penney Casualty Insurance Company v. Woodard*, 190 Ga.App. 727, 380 S.E.2d 282, 286 (1989), *cert. denied*, (holding claim for uninsured motorist coverage was tort claim within meaning of prejudgment interest statute); and *Brown v. Southern Farm Bureau Insurance Company*, 426 So.2d 684, 689–90 (La.Ct.App.1982) (holding claim for uninsured motorist coverage was claim "sounding in damages, 'ex delicto'" within meaning of prejudgment interest statute). We therefore hold that a claim against one's insurer for underinsured motorist benefits is a civil action arising out of tortious conduct, and the award of prejudgment interest pursuant to Indiana Code section 34–51–4–5 in such a case is appropriate.

### III. Prejudgment Interest in Excess of the Policy Limits

State Farm also responds that prejudgment interest is not appropriate in this case because Inman has already reached the $100,000 limit on her policy, and an award of prejudgment interest would improperly exceed the policy limit. Although no Indiana cases have addressed this issue, *Potomac Insurance Company v. Howard*, 813 S.W.2d 557 (Tex.Ct.App.1991), is instructive. There, Potomac issued an insurance policy to Howard that contained an uninsured motorist provision with a policy limit of $45,000. *Id.* at 557. Howard alleged she was struck by a hit and run automobile in October 1985. *Id.* Potomac denied there was physical contact between Howard's car and the hit and run car and denied Howard's uninsured motorist claim. *Id.* Howard filed a lawsuit against Potomac for uninsured motorist benefits for her personal injuries. *Id.*

The cause of action was tried on the issue of liability only. The jury found in favor of Howard, and the trial court awarded her the policy limits of $45,000 plus prejudgment interest at the rate of 10% compounded daily from September 29, 1986, to the date of the judgment. *Id.* at 558. On appeal Potomac argued the trial court's award of $45,000 plus prejudgment interest exceeded the policy limit and was, therefore, improper. *Id.* According to Potomac, the prejudgment interest amount should not exceed the policy limit. *Id.*

However, the Texas court of appeals concluded that the primary objective of awarding damages in civil actions is to compensate the injured plaintiff, rather than to punish the defendant. *Id.* A law that denies recovery of prejudgment interest frustrates this goal. *Id.* The court further explained that if a judgment pro-

vides plaintiffs only the amount of damages sustained at the time of the accident, plaintiffs are not fully compensated because they have been denied the opportunity to invest and earn interest on the amount of damages between the time of the accident and the time of judgment. *Id.*

According to the court, a potential award of prejudgment interest advances the objective of encouraging speedy compensation to victims and ensures that the aim of obtaining compensation for victims and their survivors is not defeated by defendant's strategy of delaying payment or judgment until the award is diminished in actual value. *Id.* The court concluded that nowhere is that objective more frustrated than in the case of damage limitation in an insurance policy. *Id.* If the insurance company is required to pay only the policy limits even if the insured must sue to recover under the policy, the insurance company has no incentive to pay the claim promptly. *Id.* The appellate court concluded that the award of prejudgment interest promotes prompt attention to the insured's claim and that the trial court did not abuse its discretion in awarding prejudgment interest. *Id.*

The supreme court of Michigan reached a similar result in *Denham v. Bedford,* 407 Mich. 517, 287 N.W.2d 168 (1979). There, Denham's vehicle was struck by a vehicle driven by Bedford. Denham filed suit against Bedford, and a jury returned a verdict against Bedford in the amount of $108,025 plus $15,403.18 in pre-judgment interest. Transamerica paid Denham the $40,000 limit on Bedford's policy but disclaimed any liability for the $5,695.47 prejudgment interest on the $40,000. According to Bedford, any payment of prejudgment interest would exceed its contractual obligation under the policy. The trial court ruled that Trans-

america was not liable for prejudgment interest over and above its policy limits. *Id.* at 524, 287 N.W.2d 168. The Michigan court of appeals reversed. *Denham v. Bedford,* 82 Mich.App. 107, 266 N.W.2d 682 (1978).

In Transamerica's appeal to the supreme court of Michigan, that court determined that little injustice resulted in holding an insurer liable for prejudgment interest because insurers generally have complete control over litigation and could avoid payment of prejudgment interest by prompt settlement of claims. *Denham,* 287 N.W.2d at 175. Specifically, the supreme court explained as follows:

> Payment of prejudgment interest not only compensates the prevailing party but also liability for prejudgment interest may act as an incentive to the insurer to promptly settle a meritorious claim. Without such incentive, the insurer may refuse to settle a meritorious claim in hopes of forcing plaintiff to settle for less than the claim's true value. The insurer risks nothing. Even if protracted litigation results, the insurer will only be liable for its policy limits all the while reaping a tidy sum from its investment of the policy limits.

*id.*

The court also pointed out that even insurance law commentators are highly critical of attempts by insurers to evade their responsibility for prejudgment interest. *Id.* One such commentator has noted as follows:

> Since this part of the insured's liability is controlled by the time required for litigation, a matter largely under the control of the insurer, which by contract insisted upon this control, the courts as a matter of public policy should strike down any provision barring the insurer from being liable for prejudgment interest. Any other result allows the insurer

to engage, with impunity, in delaying tactics at the expense of the insured. *Id.* (citing 8 Appleman, Insurance Law and Practice (1979 Supp.), s 4899, p. 128).

Based upon the intent of the state legislature in enacting the Prejudgment Interest Statute as well as common-law and public policy considerations, the Michigan supreme court held that an insurer is liable for prejudgment interest on that portion of a judgment representing the policy liability of the insurer. *Id.*

Again, we find the reasoning of these cases, as well as similar ones, to be persuasive. *See, e.g., Peterman v. State Farm Mutual Automobile Insurance Company,* 8 P.3d 549, 553 (Colo.Ct.App.2000) (holding uninsured motorist carrier can be required to pay prejudgment interest in excess of uninsured motorist limits in action brought by insured for failure to pay uninsured motorist coverage); *Vasquez v. LeMars Mutual Insurance Company,* 477 N.W.2d 404 (Iowa 1991) (concluding trial court did not err in awarding policyholder prejudgment interest in excess of policy limits in claim against underinsured motorist carrier).

■ Here, based upon the purpose of the TPIS as well as the public policy considerations as already stated in *Denham,* we hold that an insurer can be required to pay prejudgment interest in excess of uninsured and/or underinsured motorist limits in an action brought by an insured for failure to pay uninsured and/or underinsured motorist coverage. Our holding today is consistent with the United States Northern District of Indiana Court's decision in *Schimizzi v. Illinois Farmers Insurance Company,* 928 F.Supp. 760 (N.D.Ind.1996), which awarded Schimizzi $250,000, her uninsured motorist policy limit, as well as $46,799.20 in prejudgment interest.

This holding is also consistent with the Indiana supreme court's treatment of prejudgment interest in medical malpractice cases where that court has held that a qualified health care provider is responsible for the collateral litigation expense of prejudgment interest even if the expense brings the provider's total liability over the cap. *Cahoon v. Cummings,* 734 N.E.2d 535, 547 (Ind.2000). The rationale for this treatment is the same rationale set forth in other civil actions arising out of tortious conduct. Specifically, in *Cahoon,* the Indiana supreme court explained that if the defendant has the option to terminate the dispute at a known dollar cost, and chooses not to do so, that defendant and not the plaintiff should bear the cost of the time value of money in the intervening period if the ultimate result is within the parameters set by the legislature. *Id.*

### IV. Application of the Law to the Facts of this Case

Having determined that 1) a claim against one's insurer for underinsured motorist benefits is a civil action arising out of tortious conduct, and that 2) an insurer can be required to pay prejudgment interest in excess of uninsured and/or underinsured motorist limits in an action brought by an insured for failure to pay uninsured and/or underinsured motorist coverage, we conclude that the award of prejudgment interest was appropriate in this case. We must therefore determine whether the trial court erred in refusing to award it here.

■ Our review of the evidence reveals that Inman was involved in a car accident in 2006. She settled with the driver of the other car's insurer for its $50,000 limit. Her insurer, State Farm, consented to the settlement. Shortly thereafter, Inman filed an amended complaint against State Farm seeking an additional $50,000, up to her $100,000 policy limit. After consenting to Inman's agreement with the other car

driver's insurance company, State Farm argued that the other driver was not at fault in Inman's action. State Farm ignored Inman's offer of settlement and proceeded to trial. After the jury returned a verdict in favor of Inman for $50,000, Inman requested prejudgment interest from the date she filed the amended complaint against State Farm. Under these circumstances, where Inman was forced to file a lawsuit against her insurer after it previously consented to her settlement with another insurer, the trial court should have awarded her prejudgment interest.

We further note that State Farm did not challenge the amount of interest Inman requested, or the sufficiency of her settlement offer pursuant to Indiana Code section 34–51–4–6. State Farm's sole argument was that Inman was not entitled to prejudgment interest. Having determined that Inman was entitled to the interest, we order the trial court to award her $3,616.44 plus $13.10 per day after April 12, 2010.

## CONCLUSION

Based upon the foregoing, we conclude that the trial court erred in denying Inman's motion for prejudgment interest pursuant to Indiana Code section 34–51–4–5.

Reversed and remanded with instructions that the trial court's order be amended to require payment of prejudgment interest consistent with this opinion.

ROBB, J., and BROWN, J., concur.